**EXCEL CORPORATION, et al., Relators,**

v.

**Honorable Rogelio VALDEZ, Presiding Judge of the 357th District Court of Cameron County, Texas, Respondent.**

No. 13–96–087–CV.

Court of Appeals of Texas, Corpus Christi.

April 11, 1996.

Robert L. Craig, Craig Terrill & Hale, Llp, Lubbock, David G. Oliveira, Roerig, Oliveira & Fisher, Brownsville, Hugh Norwood Lyle, Craig Terrill & Hale Llp, Lubbock, Rene O. Oliveira, Roerig Oliveira & Fisher, Brownsville, for Relators.

Frank Costilla, Costilla & Stapleton, Brownsville, Sam L. Fadduol, Fadduol & Glasheen, Lubbock, Frank L. Branson, Dallas, George A. Quesada, Law Offices of Frank L. Branson, Dallas, Kevin Glasheen, Fadduol & Glasheen, Lubbock, James A. Besselman, Underwood, Wilson, Berry, Stein & Johnson, Amarillo, Christiana Dijkman, Brownsville, R.E. Lopez, Jr., Brownsville, for real parties in interest.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

In this original mandamus proceeding, relators, Excel Corp., Jerry Ruthardt, and Hereford Services, complain of an order by which one district court in Cameron County has transferred to itself, and taken away from another district court, the underlying personal injury lawsuit by the Samaniegos[1] against relators. We deny mandamus relief.

On March 30, 1995, the Samaniegos filed in Cameron County the underlying lawsuit against relators for injuries sustained by Baltazar Samaniego in one of Excel's meat packing plants in the Texas Panhandle. The lawsuit was randomly assigned to the 197th District Court. Specifically, Samaniego sued Excel Corp., Cargill, Inc. (parent company of Excel), Hereford Service, Inc., Jerry Ruthardt (employee of Excel), and John Doe (independent contractor), and claimed that venue was proper in Cameron County based on defendant Cargill's presence there. Samaniego alleged that he was burned by an overflowing mixture of hot acid and water while doing repair work underneath a tank and that Excel was not covered by worker's compensation insurance at the time of the injury. Accordingly, Samaniego brought

---

1. Baltazar Samaniego and Guadalupe Samaniego, individually and as next friends of Yvette Jacquiline Samaniego, Jose Antonio Samaniego, and Miguel Angel Samaniego.

causes of action for negligence and gross negligence against the relators.

Excel and Ruthardt filed an answer in the 197th District Court generally denying the allegations in Samaniego's petition and moving to transfer venue. Specifically, Excel denied that venue is proper in Cameron County, that Cargill operates or directs the management of Excel, that Excel and Cargill are the same entity or that Excel does business as Cargill, Inc. Excel raised affirmative defenses of unavoidable accident, new and intervening cause, and federal preemption of the negligence causes of action by ERISA.[2]

Samaniego then filed in the 357th District Court a Motion to Transfer/Consolidate[3], alleging that the same attorneys representing Samaniego had filed some 200 other lawsuits against Excel in Cameron County involving similar questions of law and/or facts, and that the first of those lawsuits was filed in the 357th District Court. Samaniego acknowledged that many of the lawsuits filed in the other district courts of Cameron County had been removed to federal court, but further alleged that they are the subject of motions to remand. Accordingly, Samaniego requested the 357th District Court to order transfer and consolidation of the present case under provisions of the local rules for transfer of related cases to the court in which the earliest such case was filed.

However, Excel opposed the motion, responding that the other lawsuit in the 357th District Court upon which transfer and consolidation were sought involved a knife injury at another Excel plant, that the two cases are unrelated, and further that the removal of that case divested the 357th District Court of jurisdiction to transfer and consolidate the Samaniego case with it.

The case upon which Samaniego sought transfer and consolidation was filed on May 6, 1994, by Maria Guerra Cardenas against Excel, Cargill, and Steve Steffe (agent of Excel and Cargill), for personal injuries in a separate Excel meat packing plant in the Texas Panhandle. Cardenas had made similar allegations that Cargill directs the management of Excel and that venue was proper in Cameron County due to the presence of Cargill there. She alleged that Excel did not carry worker's compensation insurance, and brought causes of action for negligence and gross negligence based on an injury that she received in some unspecified manner while working on the "wizzard knives," which she claims to have occurred as a result of repetitious trauma associated with Excel's indifference to the workers' needs and injuries. Cardenas' case was randomly assigned to the 357th District Court. Excel and Steffe answered the Cardenas case, generally denying the allegations in her petition and moving to transfer venue. Specifically, Excel denied that Cargill controls and directs the management of Excel, that it does business as Cargill, Inc., or that venue is proper in Cameron County. Excel raised affirmatively the defenses of sole proximate cause, unavoidable accident, new and intervening cause, and preemption by ERISA.

The 357th District Court heard the motion to transfer and consolidate on November 2, 1995. The parties agreed that the Cardenas case had been removed and was still pending in federal court under motion to remand.[4] The trial judge indicated that he would grant Samaniego's motion to transfer and consolidate, but also stated that he would confer with the 197th District Court to determine which court should try the case. The 357th District Court then adjourned the hearing, with no testimony or other evidence having been offered or received. On November 3, 1995, the 357th District Court signed an order transferring the Samaniego case from the 197th District Court to the 357th District Court, but the order said nothing about consolidation with the Cardenas case.

By the present mandamus proceeding, Excel claims that the 357th District Court abused its discretion in granting the motion to transfer and consolidate, both because the

---

**2.** Employee Retirement Income Security Act.

**3.** Samaniego initially filed in the 197th District Court and then withdrew a similar motion to transfer.

**4.** The federal magistrate has since then recommended a remand.

Cardenas lawsuit had been removed to federal court and deprived the 357th District Court of jurisdiction to consolidate a case with it in state court, and because, even absent the removal, the Samaniego and Cardenas cases were not sufficiently related to justify transfer and consolidation under the local rules.

We note initially that, contrary to the representations of the relators, the only order entered by the 357th District Court in the underlying case is for transfer of the Samaniego case to the 357th District Court, and there is no written order for its consolidation with the Cardenas case. *See State Farm Insurance Co. v. Pults,* 850 S.W.2d 691, 693 (Tex.App.—Corpus Christi 1993, no writ) (order must be reduced to writing, signed by the trial court, and entered in the record). Accordingly, we see no jurisdictional problem caused by the pendency of the Cardenas case in the federal court, which is only relevant to the extent that it would affect the trial court's evaluation of whether transfer would be expedient and proper under the local rules.

■ The Texas Constitution and the Texas Government Code authorize district courts within the same county to transfer cases, exchange benches, and to provide local rules for the administration of such transfers and exchanges. Tex. Const. art V, § 11; Tex. Gov't Code Ann. §§ 24.303, 74.093 (Vernon 1988 & Supp.1996). Accordingly, litigants do not have a protected proprietary interest in having their cases heard by a particular district judge or court within the county of filing. *See European Crossroads' Shopping Center, Ltd. v. Criswell,* 910 S.W.2d 45, 51 (Tex.App.—Dallas 1995, no writ); *Starnes v. Holloway,* 779 S.W.2d 86, 97 (Tex.App.—Dallas 1989, writ denied).

Specifically Texas Government Code § 24.303(a) provides:

In any county in which there are two or more district courts, the judges of those courts may, in their discretion, either in termtime or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts.

In addition, Texas Government Code § 74.093 provides in pertinent part:

(a) The district and statutory county court judges in each county shall, by majority vote, adopt local rules of administration.

(b) The rules must provide for:

(1) assignment, docketing, transfer, and hearing of all cases, subject to jurisdictional limitations of the district courts and statutory county courts; . . . .

Following the mandate of section 74.093, Cameron County Civil Court Rule 1.1, concerning the filing, assignment and transfer of cases among the district courts in Cameron County, provides in pertinent part:

A. All civil cases, except as otherwise provided herein or by Court order, shall be filed in the District Courts (and any district court hereafter created) in random order.

\* \* \* \* \* \*

D. Except as hereinafter provided, after assignment to a particular Court, every case shall remain pending in such Court until final disposition, unless transferred pursuant to these rules, state statute, or Court order.

E. Every motion for consolidation or joint hearing of two or more cases under Rule 174(a), Texas Rules of Civil Procedure, shall be filed in the earliest case filed.

F. **Transfer of Cases:**

\* \* \* \* \* \*

2. Whenever any pending case is so related to another case previously filed in or disposed of by another District Court of Cameron County that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, the Judge of the Court in which the earlier case is or was pending may, on notice and hearing, transfer the later case to such Court.

3. The following types of cases shall be subject to transfer under this rule:

a. Any case arising out of the same transaction or occurrence as an earlier case, particularly if the earlier case was dismissed by plaintiff at any time before final judgment.

b. Any case involving one or more of the same parties as an earlier case and requiring a determination of any of the same questions of fact or of law as those involved in the earlier case.

\* \* \* \* \* \*

Almost identical provisions appear in the local rules of Dallas and Nueces Counties. *See* Dallas County Local Rule 1.1(F); Nueces County Local Rule 3.1.[5]

The statutes and rules generally rely on judicial restraint to prevent district courts within the same county from fighting one another for jurisdiction over a case. *See R.J. Gallagher Co. v. White,* 709 S.W.2d 379, 381 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding). Likewise the local rules concerning transfer among district courts in Cameron County largely depend upon the collegiality of the district courts of Cameron County to avoid disputes over which should retain or transfer a particular case.

In the present case, the 357th District Court transferred the Samaniego case to itself from the 197th District Court under the authority of Cameron County Civil Court Rule 1.1(F)(3)(b), because it determined that the Cardenas case and the Samaniego case involve one or more of the same parties and require a determination of some of the same questions of law or fact.

■ We use an abuse of discretion standard to review the trial court's decision to transfer a case, exchange benches, or hold court for each other. *European Crossroads',* 910 S.W.2d at 51. A trial court abuses its discretion when it does not follow guiding rules and principles and reaches an arbitrary and unreasonable decision. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). On factual issues or other matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court's. *Id.* at 839.

Accordingly, we must determine whether the 357th District Court had sufficient indications before it in the way of pleadings and representations of the parties to find that the Samaniego case and the Cardenas case involve one or more of the same parties and require a determination of some of the same questions of law or fact. There is no dispute that there is a substantial identity of defendants in both lawsuits. Excel, however, disputes that there is any indication that the two lawsuits will require a determination of the same questions of law or fact.

■ We note that the same general inquiry is made in determining whether two lawsuits should be consolidated for trial. Texas Rule of Civil Procedure 174(a) provides for the consolidation and joint hearing or trial of actions pending before it "involving a common question of law or fact." The trial judge is likewise given broad discretion to consolidate cases. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522, 525 (Tex.1982); *Lone Star Ford, Inc. v. McCormick,* 838 S.W.2d 734, 737–38 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Dal–Briar Corp. v. Baskette,* 833 S.W.2d 612, 615–16 (Tex.App.—El Paso 1992, orig. proceeding).

■ In the case of consolidation for trial, the actions should relate to substantially the same transaction, occurrence, subject matter, or question, and they should be so related that evidence presented will be material, relevant, and admissible in each case. *Lone Star Ford,* 838 S.W.2d at 737–38; *see also Alice Nat'l Bank v. Corpus Christi Bank & Trust,* 431 S.W.2d 611, 624 (Tex.Civ. App.—Corpus Christi 1968), *aff'd,* 444 S.W.2d 632 (Tex.1969). Accordingly, the trial court must balance the judicial economy and convenience that may be gained by consolidation against the risk of an unfair outcome because of prejudice or jury confusion. *Dal–Briar,* 833 S.W.2d at 615–16. Although cases may involve a common issue of law, if they each stem from distinct factual scenarios that would tend to confuse or prejudice the jury, it may not be within the trial court's discretion to consolidate and try them together. *See id.* at 615–16.

**5.** *See generally* 1995 Texas Local Rules of Court

(Shepard's/McGraw–Hill, Inc.)

However, unlike a Rule 174(a) consolidation for trial, a transfer alone does not necessarily cause prejudice to any of the parties. The cases may well be tried separately in the same court under different cause numbers, yet the judicial system will benefit from the efficiency and consistency of having the same judge determine the same or similar questions of law and fact in both cases. Moreover, at this time we will not anticipate whether the trial court may ultimately consolidate the Samaniego and Cardenas cases for trial, because that question is not presently before us. We determine only whether the trial court had the discretion to transfer the Samaniego case to itself as being related to a case which had earlier been filed there.

Although the personal injuries underlying the two cases are dissimilar, several common questions of law and fact unite the Samaniego and Cardenas cases. In particular, there is a common question in both cases concerning whether Cargill and Excel are the same entity, whether Cargill's presence in Cameron County is sufficient to support venue there and whether Cargill is responsible for the negligence of Excel. In addition, in both cases, Excel has raised preemption by ERISA as an affirmative defense to these lawsuits against it by employees. Moreover, although the Cardenas case had been removed, the suggestion of the parties and the federal magistrate gives every indication that it will be remanded to the 357th District Court, which may rationally consider the probability of remand of the Cardenas case in its determination whether or not to transfer the Samaniego case. Accordingly, we hold that the 357th District Court had discretion under the Cameron County Civil Court Rules to transfer the Samaniego case to its court.

We DENY the petition for writ of mandamus.