**CRESTWAY CARE CENTER, INC. d/b/a Crestway Care Center and Meritcare, Inc., Relators,**

**v.**

**The Honorable David A. BERCHELMANN, Jr., Respondent.**

No. 04–97–00070–CV.

Court of Appeals of Texas, San Antonio.

May 7, 1997.

Rehearing Overruled May 7, 1997.

Delta Sue Best, Kim M. Olson, Barbara Ellis, Liddell, Sapp, Zivley, Hill & Laboon, L.L.P., Austin, for Relators.

Marynell Maloney, Maloney & Maloney, P.C., Scott Roberts, San Antonio, for Respondent.

Before HARDBERGER, C.J., and RICKHOFF, LÓPEZ, STONE, GREEN, DUNCAN and ANGELINI, JJ., En Banc.

## OPINION ON REAL PARTIES' IN INTEREST MOTION FOR REHEARING EN BANC

HARDBERGER, Chief Justice.

The motion for rehearing *en banc* filed by the real parties in interest on March 31, 1997 is granted. Our opinion and order of March 19, 1997 are withdrawn, and this opinion and order are substituted. We dismiss the petition for writ of mandamus as improvidently granted.

### FACTS

Relators, Crestway Care Center, Inc. d/b/a Crestway Care Center and Meritcare, Inc. ("Crestway"), were sued in two separate lawsuits for claims relating to the contraction of genital warts by Plaintiff Y, a 16–year–old minor (96–CI–08092), and Lela Sams, an 80–year–old woman (96–CI–08094). Both Plaintiff Y and Lela Sams were residents of the same wing at Crestway, a nursing home, during the same year and were diagnosed with genital warts within a few months of each other. Virtually identical pleadings and responses have been filed in both cases, joint discovery has been pursued, and the designated experts are the same in each case.

Crestway filed this action seeking mandamus relief after the Hon. David A. Berchelmann, Jr. granted the plaintiffs' motion to consolidate the two cases. A panel of this court conditionally granted Crestway's writ, holding that Judge Berchelmann abused his discretion in consolidating the two cases be-

cause the consolidation "effectively stripped from the judge who will actually try the case the discretion in which to make the ruling on the admissibility of evidence of other similar acts or occurrences."[1] A majority of the entire court disagrees with the panel's interpretation of the law; therefore, the *en banc* motion for rehearing filed by the real parties in interest is granted, and the panel's order and opinion are withdrawn.[2]

### DISCUSSION

■ "Mandamus is an extraordinary remedy, reserved for 'manifest and urgent necessity,' *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989), and will not issue unless relator satisfies a heavy burden of establishing 'compelling circumstances.'" *Tilton v. Marshall,* 925 S.W.2d 672, 681 (Tex.1996)(citing Tex.R.App.P. 121(a)(2)(D); *Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 842 n. 9 (Tex.1992)). A trial court is given broad discretion in applying the legal principals of consolidation and deciding whether to consolidate cases. *See Lone Star Ford, Inc. v. McCormick,* 838 S.W.2d 734, 737 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Dal-Briar Corp. v. Baskette,* 833 S.W.2d 612, 614–15 (Tex.App.—El Paso 1992, orig. proceeding); *Brentwood Financial Corp. v. Lamprecht,* 736 S.W.2d 836, 838 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Thus, mandamus will issue to correct an improper ruling on consolidation only where the trial court clearly fails to analyze or apply the law correctly and there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d at 839–40.

■ Tex.R.Civ.P. 174 permits a trial court to consolidate actions that involve a common question of law or fact. Actions

1. *Crestway Care Center, Inc. v. Berchelmann,* No. 04–97–00070–CV, 1997 WL 120193 (Tex.App.—San Antonio March 19, 1997, orig. proceeding)(not designated for publication).

2. *En banc* review of the conditional grant of a writ of mandamus involves the weighing of two extraordinary remedies against one another. Mandamus is an extraordinary remedy reserved for manifest and urgent necessity, while a re-

hearing *en banc* should not be ordered unless consideration by the full court is necessary to secure or maintain uniformity of its decisions or in extraordinary circumstances. Because a majority of the court disagrees with the panel's interpretation of the law and its decision to issue the extraordinary remedy of mandamus, a majority of the court voted to grant the *en banc* motion for rehearing.

should only be consolidated if they "relate to substantially the same transaction, occurrence, subject matter, or question, and they should be so related that evidence presented will be material, relevant, and admissible in each case." *Excel Corp. v. Valdez*, 921 S.W.2d 444, 448 (Tex.App.—Corpus Christi 1996, orig. proceeding [leave denied]); *see also Lone Star Ford, Inc.*, 838 S.W.2d at 737. In addition to incorrectly resolving the relatedness issue, a trial court may abuse its discretion in consolidating actions if consolidation results in prejudice to the complaining party. *Lone Star Ford, Inc.*, 838 S.W.2d at 738. Therefore, "the trial court must balance the judicial economy and convenience that may be gained by consolidation against the risk of an unfair outcome because of prejudice or jury confusion." *Excel Corp. v. Valdez*, 921 S.W.2d at 448.

Crestway argues in its brief, as it argued before the trial court, that the two pending cases involve distinct issues of causation, that the medical history of each of the plaintiffs is unique and will require differing proof and that consolidation would result in great prejudice by permitting evidence of the allegations in one case to be used as evidence in the other. The real parties in interest countered Crestway's arguments before the trial court by asserting that the issues presented in each case are the same, that Crestway voluntarily consented to joint discovery for both cases, and that evidence of the allegations in each case would be admissible in the other case if tried separately.

At the hearing on the consolidation motion, Judge Berchelmann indicated that the problematic issue to him was whether evidence of the allegations in one case would be admissible in the other, stating:

> The one question that I have is, do you agree with her that probably the evidence of one is going to come out in the case of the other?

It appears Judge Berchelmann was concerned that the judicial economy and convenience gained by consolidation might be outweighed by the potential prejudice in having

the allegations in each case revealed as evidence in the other. Judge Berchelmann appeared to resolve this issue by concluding that the evidence of the allegations in each case would be admissible in the other if tried separately as follows:

> But if you get up and deny, she has the opportunity to rebut. You deny that it happened or whatever way she pleads, and you put on evidence, and she has the opportunity to rebut. And one of the ways that she can rebut is by showing, Well, that's not so, because we have another case here. Correct? In essence, without going through all the—

█ We cannot conclude that Judge Berchelmann clearly failed to analyze or apply the law. Judge Berchelmann balanced the judicial economy and convenience that would be gained by consolidation against the risk of an unfair outcome because of prejudice or jury confusion and concluded that the potential for prejudice was minimized by the strong potential that the evidence of the allegations in each cause would be admissible as evidence in the other case. Therefore, Judge Berchelmann did not abuse his discretion.

## Conclusion

The relators' petition for writ of mandamus is dismissed as improvidently granted.

Dissenting opinion by GREEN, J., joined by DUNCAN and ANGELINI, JJ.

GREEN, Justice, dissenting.

The panel of justices assigned for the consideration of Relator's motion for leave to file a petition for writ of mandamus (Justices Green, Duncan, and Angelini) granted the motion for leave and heard oral arguments in the matter. After reviewing the briefing and arguments, the panel granted the petition and issued a conditional writ of mandamus.[1] The panel decision has now been reversed en banc merely because "[a] majority of the entire court disagrees with the panel's interpretation of the law." *Crestway Care Cen-*

---

1. *Crestway Care Center, Inc. v. Berchelmann*, No. 04–97–00070–CV, 1997 WL 120193 (Tex.App.— San Antonio March 19, 1997, orig. proceeding).

*ter v. Berchelmann* at 873 (Tex.App.—San Antonio 1997, orig. proceeding)(en banc). *But see* TEX.R.APP.P. 79(e) ("A rehearing or rehearing en banc is not favored and should not be ordered unless consideration by the full court is necessary to secure or maintain uniformity of its decisions or in extraordinary circumstances.") For this reason alone, we dissent from the majority's order granting rehearing en banc.

We also continue to disagree on the merits for the reasons stated in our original panel opinion, which is appended to this dissenting opinion and made a part hereof. For these reasons, we dissent to granting of *en banc* review of the panel decision and to the majority's opinion and order.

## APPENDIX

Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio

CRESTWAY CARE CENTER, INC. D/B/A CRESTWAY CARE CENTER & MER-ITCARE, INC., Relators,

v.

THE HONORABLE DAVID A. BERCHELMANN, JR., Respondent.

Cause No. 04–97–00070–CV

From the 285th District Court of Bexar County
Trial Court No. 96–CI–08092

Opinion By: Paul W. Green, Justice

Sitting:     Paul W. Green, Justice
             Sarah B. Duncan, Justice
             Karen A. Angelini, Justice

Delivered and Filed: March 19, 1997

WRIT OF MANDAMUS CONDITIONAL-LY GRANTED

## OPINION

Relators, Crestway Care Center, Inc. d/b/a Crestway Care Center and Meritcare, Inc. ("Crestway"), were sued in two separate law-suits for claims relating to the contraction of genital warts by Plaintiff Y, a 16–year–old minor (96–CI–08092), and Lela Sams, an 80–year old woman (96–CI–08094), allegedly during the time they were residents at Crest-way Care Center, a nursing home. Crest-way filed this action seeking mandamus relief after the Hon. David A. Berchelmann, Jr. granted the plaintiffs' motion to consolidate the two cases.

Crestway argues that consolidation was improper because the two pending cases in-volve distinct issues of causation, noting that the social and medical history of each of the plaintiffs is unique and will require differing proof. In addition, Crestway urges that con-solidation will enable the jury to consider evidence of the allegations in one case as evidence in the other, resulting in great prej-udice to Crestway. Crestway also asserts that consolidation was improper because the identity of Plaintiff Y has been sealed.

The plaintiffs counter Crestway's argu-ments by asserting that the issues presented in each case are the same, noting that Crest-way voluntarily consented to joint discovery for both cases and that the designated expert witnesses are the same in each case. In addition, the plaintiffs contend that evidence of the allegations in each case will be admis-sible in the other case if tried separately; therefore, consolidation is proper in light of the judicial economy and convenience that result.

Although a trial court is given broad dis-cretion in deciding whether to consolidate cases, a trial court abuses its discretion in consolidating actions if consolidation results in unfair prejudice to the complaining party. *Lone Star Ford, Inc. v. McCormick,* 838 S.W.2d 734, 737 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Dal–Briar Corp. v. Baskette,* 833 S.W.2d 612, 614–15 (Tex.App.-El Paso 1992, orig. proceeding); *Brentwood Financial Corp. v. Lamprecht,* 736 S.W.2d 836, 838 (Tex.App.-San Antonio 1987, writ ref'd n.r.e.). Therefore, "the trial court must balance the judicial economy and convenience that may be gained by consolidation against the risk of an unfair outcome because of prejudice or jury confusion." *Excel Corp. v.*

*Valdez,* 921 S.W.2d 444, 448 (Tex.App.-Corpus Christi 1996, orig. proceeding).

We agree with Judge Berchelmann's assessment that the problematic issue in determining whether to consolidate these cases is whether evidence of the allegations in one case will be admissible in the other; however, we disagree with Judge Berchelmann's premature resolution of that issue. By consolidating the cases for trial, the question of admissibility is mooted for all practical purposes. From the time a jury is told in the consolidated case that the two plaintiffs are suing Crestway for similar complaints, the admissibility decision is irrevocably made. At that point, any balancing by the trial court of the probative value of evidence of a similar occurrence against the highly prejudicial nature of that evidence is dispensed with. *Cf.* TEX. R. CIV. EVID. 403. On the other hand, if the cases are tried separately, the admissibility issue is preserved and may be addressed at the time evidence of the other similar occurrence is offered. The trial court will then have the opportunity to conduct a careful balancing of the probative value of the evidence against its prejudicial effect in light of other evidence presented at trial and with consideration of the defenses asserted.

The plaintiffs support their assertion that Judge Berchelmann acted within his discretion when he consolidated the cases by citing *Durbin v. Dal–Briar Corp.,* 871 S.W.2d 263 (Tex.App.-El Paso 1994, writ denied). Durbin was an employee who alleged that he was wrongfully terminated in violation of the workers' compensation statute. *Id.* at 265. The court of appeals initially deconsolidated Durbin's case from two other cases wherein two other former employees alleged similar wrongful termination claims. *Dal–Briar Corp. v. Baskette,* 833 S.W.2d at 614. In the appeal of Durbin's case following trial, however, the court of appeals reversed the trial court's judgment because the trial court excluded evidence of the other claims. 871 S.W.2d at 268–71, 273.

Although the plaintiffs cite the *Durbin* case as an example of the possible result if we vacate the consolidation order before us, the plaintiffs ignore the reason for the court's holding. First, the court determined that the evidence of the other claims would be relevant in determining the company's motive for terminating Durbin. *Id.* at 270. In the case before us, the plaintiffs have failed to assert an issue to which the evidence of the other allegation would be so clearly relevant.[1] In addition, the court noted in *Durbin* that a limiting instruction could be given in the deconsolidated case to reduce the possibility of jury confusion and the possibility that the jury "would decide Durbin's case based on what Dal–Briar did to others." *Id.* at 270. In the absence of deconsolidation, the likelihood that a limiting instruction would be effective is greatly reduced. Finally, the *Durbin* court noted that Dal–Briar opened the door to the introduction of the evidence in many ways. *Id.* Until the actual trial of the two cases consolidated here, however, the manner in which evidence will be presented, the type of questions that will be asked, and the objections that will be raised are unknown.

Judge Berchelmann's decision to consolidate the cases has effectively stripped from the judge who will actually try the case the discretion in which to make the ruling on the admissibility of evidence of other similar acts or occurrences—as previously noted, the evidence is necessarily admitted as a consequence of the consolidation. If the cases were tried separately, however, a trial judge may decide the issue differently. Therefore, we find Judge Berchelmann abused his discretion in consolidating the two cases.

We emphasize that we are not making any determination as to the admissibility of the evidence in question. That determination must be made in the trial setting where the trial judge knows the issues and defenses and can properly determine the relevancy of the other allegation in light of the evidence presented, defenses asserted, and material issues raised. We further emphasize that

---

1. Another case cited by the plaintiffs that is distinguishable for the same reason is *McLellan v. Benson,* 877 S.W.2d 454, 458 (Tex.App.—Houston [1st Dist.] 1994, no writ). In that case, the court held that evidence of a prior assault was relevant to the issue of appellant's intent because the appellant raised the defensive theory of consent. *Id.*

our holding should not be read to imply that a trial court will always abuse its discretion in consolidating two cases for trial when the admissibility of the allegations in one case as evidence in the other is uncertain or questionable. Our decision is limited to the facts and evidentiary considerations presented in the case before us.

With regard to whether the relators would have an adequate remedy by appeal, we agree with the El Paso court's reasoning in the *Baskette* decision: "there will be no way to untangle how or whether prejudice and confusion infected the jury's deliberations" after trial. 833 S.W.2d at 617. In the absence of deconsolidation, we will not be able to ascertain whether the jurors reached their verdict based on the relevancy of the evidence presented as to each claim or because they believed that some misdeed must have occurred since two plaintiffs alleged the same wrong. *See id.*

Crestway's petition for writ of mandamus is conditionally granted. We anticipate that in accordance with our opinion, Judge Berchelmann will withdraw his consolidation order of January 15, 1997. Writ will issue upon certification to this court that he has not done so within ten days of this opinion.

/s/ Paul W. Green
Paul W. Green,
JUSTICE

