Robert H. MENDOZA, Appellant,

v.

Tom FLEMING, Individually, and Fleming & Olvera, Appellees.

No. 13–99–340–CV.

Court of Appeals of Texas, Corpus Christi.

March 1, 2001.

Rene B. Gonzalez, Harlingen, Roberto H. Mendoza, Brownsville, for appellant.

Anthony B. James, Hodge & James, Harlingen, Tom Fleming, Fleming & Olvera, Brownsville, Andy A. Tschoepe II, San Antonio, for appellees.

Before Justices HINOJOSA, RODRIGUEZ, and CHAVEZ.[1]

## OPINION

HINOJOSA, Justice.

Appellant, Robert H. Mendoza, appeals from the trial court's order granting a motion for summary judgment filed by appellees, Tom Fleming, individually, and Fleming & Olvera. In five issues, appellant complains: (1) the trial judge did not have authority to preside over this case "because there was no order assigning [him] to preside in the 197th District Court"; (2) the trial judge erred in granting the motion because appellees did not prove they were entitled to summary judgment as a matter of law; and (3) the trial judge erred in granting sanctions against appellant because (a) there is no evidence appellant's pleadings were brought in bad faith or for the purpose of harassment, (b) there is no evidence appellant's pleadings were groundless, and (c) the judge "failed to enumerate the particulars of the good cause in the sanctions order." We reverse and remand.

A. BACKGROUND AND PROCEDURAL HISTORY

On June 7, 1995, Luke Fruia Investments, Inc. ("LFI") obtained an agreed judgment against appellant in Cause No. 96–02–763–C in the 197th District Court of Cameron County. The judgment became final and was not paid. LFI, through its attorney, Tom Fleming, and his law firm, Fleming, Hewitt & Olvera, obtained a writ of garnishment from the 197th District Court, attaching all of appellant's assets held by the International Bank of Commerce ("IBC"). On March 29, 1998, the presiding judge of the 197th District Court signed a judgment disbursing all seized accounts of appellant. On appeal, this Court reversed that judgment and remanded the case to the 197th District Court for a new trial because appellant had not been properly served with notice of the writ of garnishment. *See Mendoza v. Luke Fruia Investments, Inc.*, 962 S.W.2d 650, 652 (Tex.App.—Corpus Christi 1998, no writ).

After we remanded the garnishment action to the 197th District Court, appellant filed Cause No. 98–03–885–A in the 107th District Court of Cameron County against: (1) LFI; (2) Luke Fruia, Individually; (3) Tom Fleming, Individually; (4) Fleming, Hewitt & Olvera;[2] and (5) IBC, alleging causes of action for wrongful garnishment, conversion, civil conspiracy, intentional infliction of emotional distress, and abuse of process. Fleming & Olvera filed a counter-claim seeking sanctions against appellant. *See* TEX.R.CIV.P. 13.

On April 20, 1998, Judge Darrell Hester, Presiding Judge of the Fifth Administrative Judicial District, assigned Visiting Judge Robert Barnes to the 107th District

---

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. The law firm of Fleming, Hewitt & Olvera later became Fleming & Olvera.

Court to preside over Cause No. 98–03–885–A. Upon motion by several defendants, Judge Barnes transferred Cause No. 98–03–885–A to the 197th District Court and consolidated it with Cause No. 96–02–763–C (the remanded garnishment case) pursuant to Rule 1.1 of the Cameron County Civil Court Rules.

Appellees filed a motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a. Judge Barnes granted the motion and ordered that appellant take nothing against appellees. He later heard appellees' counterclaim and ordered that Fleming & Olvera recover rule 13 sanctions against appellant for costs and attorney's fees. On May 3, 1999, Judge Barnes granted appellant's motion to non-suit LFI and Luke Fruia and severed appellant's causes of action against the remaining defendants.

### B. TRIAL JUDGE'S AUTHORITY TO PRESIDE

■ In his first issue, appellant complains that Judge Barnes did not have authority to preside over Cause No. 98–03–885–A after it was transferred to the 197th District Court "because there was no order assigning Judge Barnes to preside in the 197th District Court." Judge Hester appointed Judge Barnes with the following order:

> Pursuant to Section 74.056, Texas Government Code, I hereby assign the Honorable Robert Barnes Senior Judge of the 275th and 93rd District Courts To the 107th District Court of Cameron County, Texas
>
> This assignment is for the period beginning as determined by the assigned judge and continuing thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.
>
> CONDITION(S) OF ASSIGNMENT (IF ANY):
>
> This assignment shall be for purposes of presiding in Cause No. 98–03–885–A styled: Robert Mendoza vs Tom Fleming, et al, and such other matters as may come on for hearing.

> \*　　\*　　\*　　\*　　\*　　\*

Appellant argues that once Judge Barnes transferred Cause No. 98–03–885–A to the 197th District Court, he no longer had authority to hear it because there was no order in place assigning him to preside in the 197th District Court.

■ Appellant overlooks several important provisions of the Texas Government Code relating to the authorities and powers of judges. A judge assigned under the provisions of the Texas Court Administration Act has all the powers of the judge of the court to which he is assigned. TEX. GOV'T CODE ANN. § 74.059(a) (Vernon 1998); *Herrod v. State*, 650 S.W.2d 814, 817 (Tex. Crim.App.1983)(op. on reh'g); *Alexander v. State*, 903 S.W.2d 881, 883 (Tex.App.— Fort Worth 1995, no pet.). Furthermore,

> In any county in which there are two or more district courts, the judges of those courts, may, in their discretion, either in term time or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts. The judges of those courts may, in their discretion, exchange benches or districts from time to time.

TEX.GOV'T CODE ANN. § 24.303(a) (Vernon 1988). This provision is derived from the Texas Constitution, which provides that "District Judges may exchange districts, or hold courts for each other when they

may deem it expedient, and shall do so when required by law." TEX. CONST. art. V, § 11. These statutes and rules generally rely on the principle of judicial restraint to prevent district courts within the same county from fighting one another for jurisdiction over a case. *Excel Corp. v. Valdez,* 921 S.W.2d 444, 448 (Tex.App.—Corpus Christi 1996, orig. proceeding [leave granted, mand. denied] ); *R.J. Gallagher Co. v. White,* 709 S.W.2d 379, 381 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding). The trial court has discretion to decide when to transfer a case to another district, and a litigant does not have a protected, proprietary interest in having his case heard by a particular judge or in a particular court. *Excel Corp.,* 921 S.W.2d at 447; *European Crossroads' Shopping Ctr., Ltd. v. Criswell,* 910 S.W.2d 45, 51 (Tex.App.—Dallas 1995, writ denied).

■ Texas courts have interpreted these provisions as allowing a judge properly assigned to one district court to preside in other district courts of the same county. *See Peach v. State,* 498 S.W.2d 192, 194 (Tex.Crim.App.1973), *overruled on other grounds, Jackson v. State,* 548 S.W.2d 685 (Tex.Crim.App.1977); *Pendleton v. State,* 434 S.W.2d 694, 697 (Tex. Crim.App.1968); *Ex parte Dharmagunaratne,* 950 S.W.2d 140, 142 (Tex.App.—Fort Worth 1997); *Tart v. State,* 642 S.W.2d 244, 246 (Tex.App.—Houston [14th Dist. ]1982, no pet.). Furthermore, a judge sitting by assignment may preside over a court regardless of whether the regular district judge of that court was present and trying another case at the same time. *Hughes v. State,* 897 S.W.2d 285, 306 (Tex. Crim.App.1994); *Zamora v. State,* 508 S.W.2d 819, 823 (Tex.Crim.App.1974); *Dharmagunaratne,* 950 S.W.2d at 142.

■ The order appointing Judge Barnes to the 107th District Court clearly states that he was to hear Cause No. 98–03–885–

A "and such other matters as may come on for hearing." The standard of review for a judge's decision to transfer a case, exchange benches, or hold court for each other is abuse of discretion. *Excel Corp.,* 921 S.W.2d at 448; *European Crossroads',* 910 S.W.2d at 51. We find no abuse of discretion in Judge Barnes' decision to transfer Cause No. 98–03–885–A to the 197th District Court.

We hold Judge Barnes had authority to hear this case after it was transferred to the 197th District Court. Appellant's first issue is overruled.

## C. MOTION FOR SUMMARY JUDGMENT

■ In his second issue, appellant contends that Judge Barnes erred in granting the motion for summary judgment because appellees did not prove they were entitled to summary judgment as a matter of law.

■ When reviewing a traditional summary judgment brought under rule 166a, an appellate court must follow these well-established rules:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and

(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant.

*See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *see also* TEX.R.CIV.P. 166a. A defendant's motion for summary judgment should be granted if he disproves at least one essential ele-

ment of each of the plaintiff's causes of action, or if he establishes all the elements of an affirmative defense as a matter of law. *Grinnell*, 951 S.W.2d at 425; *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). When a defendant moves for summary judgment on an affirmative defense, he must prove each element of his defense as a matter of law, leaving no issues of material fact. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996). The plaintiff, as the non-movant, has no burden of proof unless the defendant proves conclusively all elements of its affirmative defense. *Id.*

 We review the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Zapata v. The Children's Clinic*, 997 S.W.2d 745, 747 (1999); *Connell v. Connell*, 889 S.W.2d 534, 537 (Tex. App.—San Antonio 1994, writ denied). Evidence favoring the movant's position will not be considered unless it is uncontradicted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the motion for summary judgment can be sustained. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Weakly v. East*, 900 S.W.2d 755, 758 (Tex. App.—Corpus Christi 1995, writ denied); *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied).

In his original petition, appellant alleged that appellees and the other defendants wrongfully garnished and converted the funds in his political campaign fund account, which he claimed were exempt from any collection for personal debt. He further alleged that these actions were malicious and intended to injure appellant's political campaign for judge of the 138th District Court of Cameron County. He also alleged causes of action for civil conspiracy, intentional infliction of emotional distress, and abuse of process.

After reciting the procedural history of the case, appellees' motion for summary judgment stated:

The causes of action of Defendant Mendoza against Third–Party Defendants are based upon the theories of wrongful garnishment and conversion. The conversion is alleged to have occurred as a result of the alleged wrongful garnishment. Defendant Mendoza does not allege any actions of Third–Party Defendants taken outside the suit for garnishment after its date of filing. Defendant Mendoza does not allege that Third–Party Defendants were contractually obligated to him, owed to him any duty arising from representation of him in the garnishment action, nor does Defendant Mendoza allege that Third–Party Defendants rendered services to him. All causes of action alleged by Defendant Mendoza against Third–Party Defendants arise from Third–Party Defendants' representation of the Plaintiff in garnishment, LUKE FRUIA INVESTMENTS, INC. (Hereinafter called "Fruia").

V.

Third–Party Defendants were obligated to assert the rights of their client Fruia in the garnishment action and were not subject to liability to Defendant Mendoza for those actions. The relationship of attorney-client existed only as between Fruia and Third–Party Defendants. No obligation or duty was owed Defendant Mendoza by the Third–Party Defendants.

In his response to the motion for summary judgment, appellant argued that appellees' motion did not address all the elements of each of his causes of action.

### D. ATTORNEY IMMUNITY

 Appellees asserted the affirmative defense of attorney immunity. A lawyer is generally authorized to practice law to perform his duties as a lawyer without making himself liable for damages. *Bradt v. West,* 892 S.W.2d 56, 72 (Tex. App.—Houston [1st Dist.] 1994, writ denied). A contrary policy "would dilute the vigor with which Texas attorneys represent their clients." *Id.* at 71–72. However, a lawyer is immune only for actions which are "within the bounds of the law." *Renfroe v. Jones & Assoc.,* 947 S.W.2d 285, 288 (Tex.App.—Fort Worth 1997, writ denied); *Bradt,* 892 S.W.2d at 71. It has long been held that where a lawyer acting for his client participates in wrongful activities, his action in doing so is "foreign to the duties of an attorney." *Poole v. Houston & T.C. Ry.,* 58 Tex. 134, 137 (1882) (holding fraudulent conduct by attorney was not within bounds of the law). An attorney is liable if he knowingly commits a fraudulent act that injures a third person, or if he knowingly enters into a conspiracy to defraud a third person. *Likover v. Sunflower Terrace II, Ltd.,* 696 S.W.2d 468, 472 (Tex.App.—Houston [1st Dist.] 1985, no writ). Attorney immunity

> focuses on the type of conduct in which the attorney engages rather than on whether the conduct was meritorious in the context of the underlying lawsuit ... [and] whether the attorney's conduct was part of discharging his duties in representing his client. If the conduct is within this context, it is not actionable even if it is meritless.

*Renfroe,* 947 S.W.2d at 288.

Appellees cite the *Renfroe* case as supporting authority. *Id.* at 285. In that case, a creditor obtained a judgment against Renfroe. *Id.* at 286. Three days later, the creditor, through the actions of its attorneys, obtained a writ of garnishment against Renfroe's assets. *Id.* The writ was ultimately dissolved, and Renfroe filed a wrongful garnishment action against the creditor and its attorneys. *Id.* The attorneys successfully moved for summary judgment based on attorney immunity. *Id.* The Fort Worth Court of Appeals affirmed the summary judgment on that basis. *Id.* at 288.

We find the instant case distinguishable from *Renfroe.* In *Renfroe,* the plaintiff did not allege that the attorneys had a wrongful or malicious motive. In this case, appellant asserts that appellees filed the garnishment procedure, not merely to collect the debt appellant owed their client, but to wrongfully interfere with appellant's judicial campaign. Accordingly, we conclude that *Renfroe* is not dispositive of appellant's causes of action as a matter of law.

In order to be entitled to summary judgment, appellees had the burden of proving as a matter of law that their actions were within the bounds of the law. Appellees' summary judgment evidence consisted of: (1) the judgment from this Court reversing and remanding the garnishment action; (2) a copy of the opinion issued by this Court in connection with that judgment; and (3) an affidavit from Fleming stating (a) that at all relevant times his law firm, Fleming & Olvera, represented LFI, (b) that he acted as lead counsel, (c) that neither appellee represented appellant or had any contractual obligation to him, and (d) that appellees undertook to represent LFI "zealously within the bounds of law as required of an attorney in this State."

The opinion of this Court, reversing the garnishment action, states:

[I]t is undisputed [LFI] did not comply with the rule 663a notice provision. Because [LFI] failed to give [appellant] notice of the writ of garnishment as required by the rules, we hold the trial court erred in granting the writ.

*Mendoza,* 962 S.W.2d at 652. Appellees admit they were at all relevant times counsel for LFI.

Appellant filed an affidavit in support of his response to appellees' motion. The affidavit states that appellees garnished the Robert H. Mendoza Political Campaign Funds Account at IBC "at a time that was crucial and important to [appellant's] candidacy in that [the garnishment] was done ten (10) days before the primary election of March 10, 1995 ... [and that appellees'] actions ... [were], in reality, a subterfuge to injure [appellant's] candidacy for the 138th Judicial District Judgeship."

After accepting all evidence favorable to appellant as true, indulging appellant with every reasonable inference, and resolving any doubt in appellant's favor, we hold that appellees failed to establish the affirmative defense of attorney immunity as a matter of law. Because a material fact issue exists concerning whether appellees' actions in the garnishment case were within the bounds of the law, we hold the trial court erred in granting appellees' motion for summary judgment. Appellant's second issue is sustained.

## E. Sanctions Order

In his third issue, appellant contends Judge Barnes erred in granting sanctions against him because there is no evidence his pleadings were brought in bad faith or for the purpose of harassment. The sanctions order was based on the finding by Judge Barnes that:

> the legal position asserted by Robert H. Mendoza against Fleming & Olvera, P.C. is not substantially justified and not warranted by a good faith argument for the extension, modification or reversal of existing law and that the causes of action brought by Robert H. Mendoza against Fleming & Olvera, P.C. were brought in bad faith for the purposes of harassing Fleming & Olvera, P.C.

We have held that: (1) existing case law is not dispositive of appellant's causes of action as a matter of law; (2) appellees failed to establish as a matter of law that they are entitled to assert the affirmative defense of attorney immunity; and (3) the summary judgment in appellees' favor was improper. Accordingly, we sustain appellant's third issue. Because we have sustained appellant's third issue, it is not necessary to address appellant's fourth and fifth issues. Tex.R.App.P. 47.1.

We reverse the trial court's orders granting appellees' motion for summary judgment and granting sanctions against appellant. We remand the case to the trial court for further proceedings.