# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON RECONSIDERATION EN BANC

## NO. 03-19-00294-CV

**The City of Austin, Texas, Appellant**

**v.**

**Sayeed Anam, Individually and as Independent Administrator of The Estate of Zachary Anam and Cara Anam, Individually, Appellees**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-17-002191, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I agree with Justice Triana's jurisdictional analysis and her ultimate conclusion that the Anams' factual allegations are sufficient to support a viable claim that is statutorily exempt from governmental immunity and thus sufficient to overcome the City's plea to the jurisdiction. I write separately to emphasize that even if I were persuaded that the pleadings and governing precedent foreclose the district court's exercise of jurisdiction over the Anams' claims, I would not support en banc reconsideration of this matter.

A court of appeals should sit en banc in only the rarest of circumstances. Our rules of procedure provide, "En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration." Tex. R. App. P. 41.2(c). The City's

motion for en banc reconsideration does not even refer to this rule, much less describe how the rule's standard is satisfied. Nor does the majority explain what renders this case so compelling as to require the Court to undertake this long-disfavored mechanism of review.

Rule 41.2(c) sets forth two criteria, at least one of which must be satisfied to allow for en banc decision. Its first criterion allows en banc consideration when "necessary to secure or maintain uniformity of the court's decisions." *See id*. For example, two years ago, the Texas Comptroller of Public Accounts appealed from a district court's denial of his plea to the jurisdiction, arguing that the trial court had misconstrued the injunctive relief available to taxpayers under chapter 112 of the Tax Code. *See generally Hegar v. EBS Sols., Inc.*, 549 S.W.3d 849 (Tex. App.—Austin 2018), *rev'd*, 601 S.W.3d 744 (Tex. 2020). While the matter was pending before the panel, our research revealed inconsistencies in this Court's interpretation and application of section 112.108 of that code. *See id*. at 851, 863–64. Thus, and on our own motion, the Court convened en banc to clarify that "section 112.108 ha[d] been invalidated by this Court" on constitutional grounds in 2000, *see id*. at 864 (referring to holdings in *Rylander v. Bandag Licensing Corp*., 18 S.W.3d 296, 304–05 (Tex. App.—Austin 2000, pet. denied)), and to "disavow" our subsequent opinions relying on that section's language, *see id*. at 863–64 (citing *Office of Comptroller of Pub. Accts. v. Pakse, Inc.*, No. 03-16-00121-CV, 2017 WL 4583213, at *1, 2–5 (Tex. App.—Austin Oct. 10, 2017, no pet.) (mem. op.); *Office of Comptroller of Pub. Accts. v. Farshid Enters.*, No. 03-16-00291-CV, 2017 WL 1404731, at *2, 5 (Tex. App.—Austin Apr. 13, 2017, pet. denied) (mem. op.); *Sanadco, Inc. v. Office of Comptroller of Pub. Accts*., No. 03-11-00462-CV, 2015 WL 1478200, at *3, 4 (Tex. App.—Austin Mar. 25, 2015, pet. denied) (mem. op.)).

2

Unlike *EBS Solutions*, this appeal reveals no conflict or inconsistency in our jurisprudence that might require clarification by the en banc court. Moreover, the City, in moving for en banc reconsideration, does not argue that the panel's treatment of jurisdiction deviated from this Court's precedent. Nor does the en banc opinion suggest as much. Thus, the first criterion is not satisfied.

Rule 41.2(c) also allows for en banc consideration under "extraordinary circumstances." Tex. R. App. P. 41.2(c). As one commentator recently observed, this phrase is undeniably "vague" and has yet to be explored in a precedential opinion. *See* Michael J. Ritter, *En Banc Review in Texas Courts of Appeals*, 39 REV. LITIG. 377, 378 (2020). Justices from this Court have suggested that "extraordinary circumstances" include the need to decide an issue on which other courts of appeals disagree, the need to address an issue of statewide significance or unusual interest to the public, and the need to overturn a prior decision of this Court. *Twigland Fashions Ltd. v. Miller*, 335 S.W.3d 206, 226 (Tex. App.—Austin 2010, no pet.) (Jones, C.J., concurring in denial of en banc reconsideration); *see also Texas Dep't of Fam. and Protective Servs. v. Grassroots Leadership, Inc.*, No. 03-18-00261-CV, 2019 WL 6608700, *2 (Tex. App.—Austin, Dec. 5, 2019, order) (Triana, J., dissenting from denial of en banc reconsideration). None of those circumstances is present here. And while this list of qualifying circumstances is, no doubt, not exhaustive, this case lacks any other aspect or component that might arguably rise to the kind of "extraordinary circumstance" contemplated by Rule 41.2(c).

In short, the City and a majority of this Court's justices called for en banc reconsideration only because they believe the panel misconstrued governing precedent in deciding the case. But the mere fact that "the en banc majority simply disagree[ ] with the result that the panel majority reached . . . is not a proper standard for granting en banc consideration."

3

*Rodriguez v. Cuellar*, 143 S.W.3d 251, 265 (Tex. App.—San Antonio 2004, pet. dism'd) (López, C.J., dissenting) (citing *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 694 n.4 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (Hudson, J., dissenting); *Thompson v. State*, 89 S.W.3d 843, 856 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (Jennings, J., concurring in denial of en banc reconsideration); *Schindler Elevator Corp. v. Anderson*, 78 S.W.3d 392, 424–25 (Tex. App.—Houston [14th Dist.] 2001, pet. granted, judg. vacated) (Frost, J., concurring in denial of en banc consideration); *Crestway Care Ctr., Inc. v. Berchelmann*, 945 S.W.2d 872, 874–75 (Tex. App.—San Antonio 1997 orig. proceeding [leave denied]) (Green, J., dissenting)).

Rule 42.1(c) exists to ensure a balance between society's competing needs for jurisprudential clarity and judicial economy. To that end, the rule outlines two narrow criteria for en banc consideration of cases pending before the courts of appeals. Because neither criterion is satisfied in this case, I respectfully dissent from the Court's decision to grant the City's motion for en banc reconsideration.

_____
Edward Smith, Justice

Before Chief Justice Rose, Justices Goodwin, Baker, Triana, Kelly, and Smith

Filed: December 30, 2020

4