## HENDERSON

v.

## NATIONAL RAILROAD PASSENGER CORP.

### No. 85 C 6692.

United States District Court, N.D. Illinois, E.D.

Jan. 14, 1987.

---

**1.** I will pose a special jury question to this effect.

Martin R. Rothenberg, James W. Naisbitt, Julia A. Ronning, Martin R. Rothenberg, Ltd., Allan G. Levine, Rothenberg & Levine, Chicago, Ill., for plaintiff.

Danuta Bembenista Panich, Rayna G. Eller, Terri A. Mazur, Mayer, Brown & Platt, Chicago, Ill., Sally D. Garr, Asst. Gen. Counsel, Nat. R.R. Passenger Corp., Washington, D.C., for defendant.

## ORDER

BUA, District Judge.

Before this court is Israel's motion to consolidate pursuant to Fed.R.Civ.P. 42(a) and to transfer pursuant to Local Rule 2.31.

Under Fed.R.Civ.P. 42(a), this court possesses the discretionary power to order consolidation of related cases when commonality of factual or legal issues exist. Where, however, delay or undue prejudice would result from consolidation, separate actions should be maintained. *Jamroz v. Blum*, 509 F.Supp. 953, 956 (N.D.N.Y. 1981). Here, Israel seeks to have 86 C 7292 consolidated with the instant action since certain statistical historical, and anecdotal evidence allegedly common to both cases will help both plaintiffs prove that defendant violated their civil rights. In 86 C 7292 and the present case, plaintiffs allege defendant selectively prosecuted and disciplined them for alleged misconduct occurring during their employment with defendant. Although the alleged misconduct of each plaintiff is admittedly unrelated and the discipline imposed in each case substantially different, Israel asserts certain evidence concerning alleged discriminatory practices by defendant will be presented in both cases. As such, Israel claims both cases share sufficient common issues for consolidation.

Although certain common issues of fact may exist in both actions, the variety of individual issues predominate. The disciplinary actions in question arose from completely unrelated incidents, concerned different types of misconduct, involved individuals with disparate disciplinary records and resulted in the imposition of different punishment. Moreover, consolidation of the two cases would result in undue delay. Israel's action has just been filed while the case pending before this court has almost completed discovery. In fact, the trial date for Henderson has already been postponed due to discovery disputes. Consolidation with a recently filed case in which discovery is just beginning will obviously entail further delay. As a result, both litigants in *Henderson* will suffer unnecessary delay in seeking judicial resolution of their dispute. Under such circumstances, consolidation of 86 C 7292 and *Henderson* is inappropriate. *See Kilgo v. Bowman Transp., Inc.*, 570 F.Supp. 1509, 1513 (N.D. Ga.1983).

Similarly, Israel's motion under Local Rule 2.31 for a finding of relatedness and order of reassignment is denied. As stated earlier, the individual questions of fact and law in each case outweigh the common, and consolidation of the later filed case with the earlier is likely to cause substantial delay. *See Maloney v. Washington*, Nos. 84 C 689, 85 C 1905, 86 C 6026, slip op. (N.D.Ill. Oct. 29, 1986) [available

on WESTLAW, 1986 WL 12827] (available on Lexis).

For the foregoing reasons, Israel's motions under Fed.R.Civ.P. 42(a) and Local Rule 2.31 are denied.