**DAL–BRIAR CORPORATION, Relator,**

v.

**The Hon. William BASKETTE, Jr., Visiting Judge for the 210th and 205th Judicial Districts, Culberson County, Texas; the Hon. Sam Callan, Judge, 205th Judicial District, Culberson County, Texas; the Hon. Sam Paxson, Judge, 210th Judicial District, Culberson County, Texas, Respondents.**

No. 08–92–00084–CV.

Court of Appeals of Texas,
El Paso.

May 29, 1992.

Christopher J. Powers, Kemp, Smith, Duncan & Hammond, El Paso, for relator.

C.R. Kit Bramblett, Bramblett & Bramblett, El Paso, for respondents.

Before BARAJAS and LARSEN, JJ., and STEPHEN F. PRESLAR, C.J. (Retired).

## OPINION

LARSEN, Justice.

This mandamus action by defendant/Relator, Dal–Briar Corporation against Respondents Judge William Baskette, Jr.,

Judge Sam Callan and Judge Sam Paxson,[1] presents an issue of first impression. The petition requests that mandamus issue ordering three cases deconsolidated, following the granting of plaintiffs' motion for consolidated trial in three distinct lawsuits against defendant. We conditionally grant the writ.

## BACKGROUND

Three plaintiffs, all represented by the same counsel and all former employees of Relator Dal–Briar Corporation, a talc mine in Culberson County, Texas, brought suit under Article 8307c of the Texas Workers' Compensation Act. Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Pamph.1992). All plaintiffs allege that Dal–Briar terminated their employment as part of a common scheme or practice to discriminate against workers who filed a claim for workers' compensation. The underlying facts of each case differ substantially. The respective plaintiffs were terminated (or in one case perhaps voluntarily quit) in July 1988, August 1988 and November 1989. Dal–Briar urges that its defensive theories in each case are very different. Plaintiffs urge that the common thread of each workers' termination after making a compensation claim is enough to justify consolidation, particularly because the cases are to be tried in a rural county of sparse population, and because one trial court has already ruled that evidence of the other terminations (together with testimony from two former supervisors and additional former employees who will allege their terminations were motivated by filing compensation claims) will be admissible in the trial of one plaintiff's claim.

## STANDARD OF REVIEW

■ As a reviewing court, we may issue a writ of mandamus only to correct a "clear abuse of discretion" committed by the trial court. This occurs where the trial court reaches a decision so arbitrary and unreasonable as to amount to clear and prejudicial error. *Walker v. Packer*, 827 S.W.2d 833, 839 (1992, orig. proceeding). This "clear abuse of discretion" standard, however, has different applications in different circumstances. *Id.*

■ Where the trial court's discretion is addressed to a factual issue, the reviewing court cannot substitute its own judgment for that of the trial court. *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex.1989). The relator in such a case must establish that the trial court could reasonably have reached only one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

■ Our review of the trial court's determination of controlling legal principles, on the other hand, requires much less deference. A trial court possesses no discretion to determine what the law is. A clear failure of the trial court to correctly analyze or apply the law will constitute an abuse of discretion with resulting reversal by extraordinary writ. *Walker*, 827 S.W.2d at 839–40.

The case before us is one in which the trial court has misapplied the legal principles regarding consolidation of independent cases. We recognize that this is a case where the trial court was without guiding precedent in a rapidly developing area of law, and that the rules of consolidation are generally liberal, but we are nevertheless compelled to hold that its consolidation order has deprived defendant of important rights, and that if forced to try the cases as consolidated, Dal–Briar will be without adequate remedy at law.[2]

---

**1.** Judge Baskette, as visiting judge, entered the consolidation order complained of here. Judges Callan and Paxson are, respectively, the permanent judges of the 205th and 210th Judicial District Courts of Culberson County, Texas. Because only the permanent judge of a court has authority to act on behalf of the district court, all three judges are named as respondents. *Hoggard v. Snodgrass*, 770 S.W.2d 577, 588 (Tex.App.—Dallas 1989, orig. proceeding).

**2.** Plaintiffs, on the other hand, will suffer little if mandamus issues here. The first of the three plaintiffs is already set for trial; the trial court has scheduled either the consolidated case or *Durbin v. Dal–Briar*, cause number 3597, to be tried on June 1, 1992, depending upon the outcome of this proceeding. This Court has denied Dal–Briar's motion to stay proceedings and anticipates that the first of the three Article 8307c cases will be tried June 1, with the two others to

## FACTS

In November 1988, plaintiffs Margie Garcia and Manuel Apodaca filed separate lawsuits against Dal–Briar in the 205th District Court of Culberson County, cause numbers 3550 and 3551, respectively, each alleging they had been terminated in violation of their rights under Article 8307c. In December 1989, plaintiff David Durbin filed his lawsuit in the 210th District Court of Culberson County, cause number 3597, alleging violations of both Article 8307c and the federal Mine Safety and Health Act. Durbin's case was removed to federal court, where it remained until he voluntarily dismissed the second claim. It was then remanded to state court.

In January 1992, trial began in the *Durbin* case. The trial court disqualified a juror on the second day, however, and a mistrial was declared. On January 17, 1992, the three plaintiffs filed a joint motion to consolidate their cases. Dal–Briar opposed the motion. The grounds for the motion were that all three lawsuits involved "common issues of fact, common parties, common witnesses, and common proof against the same Defendant," and that a joint trial would "avoid delay and ... eliminate repetition of testimony thereby avoiding unnecessary costs and expenses." Dal–Briar opposed consolidation, arguing that trying the three suits together would "create a probability of jury confusion and prejudice to Dal–Briar so substantial as to overwhelm any semblance of judicial economy which might result." The motion was heard and granted by Respondent Baskette on January 27, 1992, and all three cases were consolidated in the 210th Judicial District Court.

## CONSOLIDATION

Texas Rules of Civil Procedure 174(a) governs the consolidation of actions. It provides:

*Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule is identical to Federal Rules of Civil Procedure 42. Cases interpreting the federal rule, therefore, are helpful to us in determining the issue before us here.

■ Consolidation is a matter within the broad discretion of the trial court, but it is not without limiting factors. In *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956), the Texas Supreme Court reviewed the trial court's discretion and duties under Rule 174 in the context of a refusal to order separate trials. The language of that case is instructive. The Supreme Court there held:

The use of the permissive word "may" imports the exercise of discretion in such matters. But the court is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within limits created by the circumstances of the particular case. The express purpose of the rule is to further convenience and avoid prejudice, and thus promote the ends of justice. When all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion. *Womack*, 291 S.W.2d at 683.

We apply the same legal principles in considering the propriety of consolidation under Rule 174 as apply to the ordering of separate trials under that authority.

■ The judicial economy and convenience that may be gained by consolidation must be balanced against the likelihood that consolidation may result in delay, prejudice or jury confusion. See *Brentwood Financial Corporation v. Lamprecht*, 736

follow promptly. The deconsolidation of the three cases, moreover, deprives defendant of one very thorny appellate issue, should one or more of the plaintiffs here prevail at their individual trials.

S.W.2d 836, 839 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.); *Bank of Montreal v. Eagle Associates,* 117 F.R.D. 530, 532 (S.D.N.Y.1987) (same factors are considered under Fed.Rule Civ.Proc. 42). If the convenience factors are substantially outweighed by the risk of an unfair outcome because of prejudice or confusion, then the trial court abuses its discretion in granting consolidation. Such is the case here. Although a common issue of law unites the three cases before us, and the testimony and documentary evidence will substantially overlap, nevertheless the three cases stem from three distinct factual scenarios. The defensive theory in each case is unique, as well.

■ Plaintiffs' allegation that a common policy or practice of discrimination by Dal-Briar against workers' compensation claimants does not vitiate our concern that substantial prejudice and jury confusion will result from a consolidated trial here. Even if a common practice of discrimination is proven by plaintiffs, each must still prove, individually, that he or she was a victim of that practice. Each act sued upon must be established by its own facts and circumstances, and the existence of similar acts, or even proof of a policy consistent with the act sued upon, will not suffice to establish liability as to any individual. *Texas Osage Co-operative Royalty Pool v. Cruze,* 191 S.W.2d 47, 51 (Tex.Civ.App.—Austin 1945, no writ). Each plaintiff here must stand or fall with the strength of his or her own case. Consolidation here allows an opportunity to "bootstrap" which creates an unacceptable probability of unfair results to Dal-Briar.[3] Although plaintiffs argue that limiting instructions and separate verdict forms will adequately safeguard against the possibility that a single jury will be unduly confused or prejudiced by hearing all three cases at once, we simply cannot agree. Even though the evidence in each case may be identical, nevertheless Dal-Briar, like any citizen, is entitled to be tried for the specific wrongful acts alleged by each individual.

Dal-Briar asks us to consider the opinions of two federal district courts which refused to consolidate employment discrimination claims under Federal Rules of Civil Procedure 42, *Arroyo v. Chardon,* 90 F.R.D. 603 (D.P.R.1981) (involving discrimination based on political association violating 42 U.S.C.A. § 1983) and *Henderson v. National Railroad Passenger Corp.,* 118 F.R.D. 440 (N.D.Ill.1987) (involving discriminatory discipline following misconduct). The comparison is well taken.[4] In both cases, the district courts found that although common issues of law and fact existed, they did not predominate. Each plaintiff would be required to prove, not just that a practice of discrimination existed, but that actions toward that particular plaintiff constituted illegal discrimination. In *Arroyo,* the court concluded that consolidation would:

> [R]esult to the detriment of the jury's function to weigh and consider impartially the evidence presented in each particular case and it may result in prejudice to the parties' right to a fair day in court.

. . . . .

> [T]he rights of the parties would not be adequately protected. 90 F.R.D. at 606.

Similarly, in *Henderson,* the court found that consolidation would not be appropriate because "the individual questions of fact and law in each case outweigh the common, . . . ." 118 F.R.D. at 441. We find these considerations equally persuasive in the case before us. Whether each plaintiff was terminated because he or she filed a workers' compensation claim is an individual question: An affirmative answer as to any one plaintiff is not conclusive as to any other. While evidence of a practice or policy of such discrimination may be per-

---

**3.** This is not to say that evidence of other alleged incidents of discrimination will not be admissible in the individual trials under Tex. R.Civ.Evid. 404(b), 406 or some other relevant theory. Indeed, all parties are operating here under the assumption that such evidence will be admitted.

**4.** We acknowledge that these are district court cases, not cases where an appellate court reviewed an action taken by the trial judge. Nevertheless, the reasoning is sound and applicable here.

suasive, it is not dispositive, and the likelihood of jury confusion if these cases are tried together is simply too great to warrant consolidated trials. Although undoubtedly judicial economy would be served to some degree by joint trials here, this factor should not weigh so heavily that it is allowed to impinge upon any party's right to a fair trial. Thus, the trial court abused its discretion in failing to give the factors of prejudice and confusion controlling weight.

## NO ADEQUATE REMEDY BY APPEAL

■ Finally, we must decide whether Dal–Briar has an adequate remedy on appeal. Mandamus will not issue where there is a clear and adequate remedy at law, such as a normal appeal. *Walker*, 827 S.W.2d at 839–40.

■ Relator Dal–Briar argues that once the consolidated trial is held, there will be no way to untangle how or whether prejudice and confusion infected the jury's deliberations. The jury will simply return a verdict upon each claim, and whether jurors reached any individual verdict because of evidence admitted as relevant to another case; or whether jurors believed that because three plaintiffs alleged the same wrongs, there must be some misdeeds by Dal–Briar based upon sheer numbers; or whether the jury simply hesitated to return a verdict for one plaintiff without finding for all three, will never be ascertainable.[5] The chance of obtaining meaningful appellate review on the propriety of consolidation is, therefore, negligible. We find that Dal–Briar has met the requirement of showing an imminent loss of substantial rights, which cannot be cured by ordinary appellate remedies.

## CONCLUSION

We conclude that the facts and circumstances of these cases mandate against consolidation. Any advantage gained in judicial economy or avoidance of repetitive costs is so far outweighed by the danger

that Dal–Briar will be unable to obtain a fair trial, that the balance leaves no room for discretion and the order of consolidation under these circumstances was a violation of a plain legal duty.

We emphasize that we conditionally grant the writ of mandamus; we will not issue any writ without first giving the trial court the opportunity to act. We also wish to acknowledge that consolidation here was no doubt ordered with the best of intentions: we certainly sympathize with the unique difficulties inherent in litigating multiple cases on similar legal theories against a single defendant in a rural venue with a limited jury pool. We are compelled to conclude, nevertheless, that Dal–Briar is just as entitled to separate trials, as free as possible from the threat of jury confusion or prejudice, as is any urban defendant.

The respondent judges are directed to enter an order vacating the January 27, 1992 order which consolidated cause number 3597 (filed in the 210th District Court) with cause number 3550 and cause number 3551 (both filed in the 205th District Court). It is anticipated that Judge Baskette, Judge Callan and Judge Paxson will comply with the opinion of this Court; should they fail to do so, the Clerk of this Court shall issue the writ of mandamus.

---

5. This is particularly true in light of Tex.R.Civ.P. 327(b), which prohibits inquiry into the internal deliberations of or influences on the jury.