Alma HAYES, The Estate of Roy Hayes, Deceased, and Jeff Hayes as Executor of the Estate of Roy Hayes, Deceased, Relators,

v.

The Honorable Donald J. FLOYD, Respondent.

No. 09–94–172 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 9, 1994.

Decided Aug. 25, 1994.

Joseph C. Hawthorn, Beaumont, Thomas Walston, Robert Q. Keith, Keith & Weber, Johnson City, for appellant.

Gary Reger, Orgain, Bell & Tucker, Beaumont, C. Scott Mann, Jr., Bernsen, Jamail & Goodson, Beaumont, Finis Cowan, III, Mills, Shirley, Eckel & Bassett, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Relators Alma Hayes, the Estate of Roy Hayes, Deceased, and Jeff Hayes as Executor of the Estate of Roy Hayes, petition this

Court for a writ of mandamus commanding Honorable Donald J. Floyd, Judge of the 172nd District Court of Jefferson County, to vacate his April 22, 1994 Order Consolidating Cases. The real parties in interest are Barbara Hayes, Hayes, Inc., Royala, Inc., Sheryl Lynn Hayes Boyd, Stephen Wakefield Hayes, Joe A. Vernon and Mazur & Vernon. This case is part of a continuing controversy between relatives over management of the family's substantial assets. Involved are three estates and the control of several family-held corporations operating a variety of businesses.

Alma and Roy Hayes are the parents of Lloyd, Joe and Jeff Hayes. Roy died in 1988; Lloyd was his executor until April 1990, when Lloyd and Joe died in an airplane crash. Surviving son Jeff took over as executor of Roy's estate. Barbara Hayes was Lloyd's wife; since his death she has acted as chief operating officer of Sabine–Neches, Inc., and Port Arthur Resources, Inc., Texas corporations previously held 50% by father Roy and 50% by son Lloyd. These two companies operate a dirt pit. Royala, Inc., is a Texas corporation held by younger son Joe but allegedly a shell for father Roy. Stephen and Sheryl are Joe's children; they administer his estate. Hayes, Inc., is another Texas corporation, of which 20% is in surviving son Jeff's name and 80% is now controlled by son Lloyd's widow Barbara. Joe Vernon and his firm, Mazur & Vernon, serve as accountants for the Hayes interests and are accused of wrongdoing by Alma and Jeff. Mother Alma and surviving son Jeff are on one side of this dispute. Son Lloyd's widow Barbara and son Joe's surviving children Sheryl and Stephen are on the other side, along with the corporations they control: Sabine–Neches, Inc., Port Arthur Resources, Inc., Royala, Inc., and Hayes, Inc.

This litigation commenced on August 10, 1992, in the 172nd District Court Relators sued Barbara Hayes and the Estate of Lloyd Hayes, for declaratory judgment, specific performance, partition, monetary damages, accounting, constructive trust, fees and costs. Relators alleged that first Lloyd, then Barbara, mismanaged and misappropriated the assets of various corporations in which Alma

and Roy had an interest. They also sued for the value of the plane in which the brothers died. On March 2, 1993, the trial court granted Barbara's motion to sever various claims. The severance order divided Relators' claims into five suits, numbered E–143,432 "A" through "E". Only the action in Cause No. E–143,432–B is at issue in this mandamus. The severance order described the "B" suit claims as follows:

Alma and Roy Hayes vs. Barbara Hayes —Royala stock—Post–April 1990 claims; —Dirt Pit shareholder derivative claims— Post–April 1990 claims

The court did not enter a severance order for Barbara's counterclaim against the Relators, so the counterclaim remained in Cause No. B–146,564. On June 18, 1993, Relators filed a separate suit, No. B–146,564, in the 60th District Court of Jefferson County. This suit named Royala, Inc., Hayes, Inc., Sheryl Lynn Hayes Boyd, Stephen Wakefield Hayes, Joe A. Vernon and Mazur & Vernon as defendants in addition to Barbara Hayes. This suit urged seven causes of action: 1) for declaratory judgment of title to a Sears warehouse, and for resulting trust and accounting; 2) for declaratory judgment of title to certain duplexes, and for resulting trust and accounting; 3) for constructive trust of assets held by Royala, Inc.; 4) malpractice by the accountant; 5) fraud by the accountants; 6) breach of fiduciary duty by Vernon and Barbara Hayes; 7) accounting and recovery of rental income from Sheryl Boyd, Stephen Boyd, Hayes, Inc., and Royala, Inc. The real parties in interest filed motions in both Cause No. E–143,432–B and No. B–146,564, requesting No. B–146,564 be transferred and consolidated into No. E–143,432–B. On April 20, 1994, Relators filed a nonsuit dismissing all of the "Royala" claims from Cause No. E–143,432–B. The "Dirt Pit" claims are not included in Cause No. B–146,564; nor were they dismissed through the Relators' non-suit. As a result, as of April 20, 1994, there was pending in Cause No. E–143,432–B, only claims arising out of the operation of the dirt pit. Two days later, on April 22, 1994, Judge Floyd granted the motion to consolidate Cause No. B–146,564 into Cause No. E–143,432–B.

Relators correctly state that they had an absolute right to dismiss all or any part of their claims against Barbara Hayes at the time they filed their motion for non-suit. Tex.R.Civ.P. 162. Relators contend that since there are no common issues of law or of fact between Cause No. E–143,432–B, as it existed after the non-suit, and No. B–146,564, Judge Floyd did not have the authority to remove their suit from the 60th District Court and consolidate it with their "Dirt Pit" suit pending in the 172nd District Court.

██ A writ of mandamus may issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). A party seeking review by mandamus must demonstrate that the remedy offered by ordinary appeal is inadequate. *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). An appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Id.* at 842. For example, appeal is not adequate where the appellate court would not be able to cure the error; where the party's ability to present a viable claim or defense is vitiated; or where the error cannot be made a part of the appellate record. *Id.* at 843. In a mandamus proceeding involving denial of motions for severance at an early stage of the litigation, this Court recognized that a judge may make further rulings which affect the issue. *Air Products & Chemicals v. Sanderson,* 789 S.W.2d 651 (Tex.App.—Beaumont 1990, orig. proceeding).

██ Relators contend mandamus is in good order because denial of the petition "would endorse improper denial of Relators' absolute right to a non-suit in the severed 'B' case in the 172nd District Court." Relators are not before this Court requesting we command Judge Floyd to enter an order of non-suit; a consolidation order is at issue. Relators argue "[t]here is nothing Respondent can do downstream in the Severed 'B' case to cure what he has already done without authority, nor is there anything this Court could do on appeal to fix it." An appellant will obtain a reversal of an adverse judgment if the appellant establishes abuse of discretion in consolidating cases lacking common issues of law or fact under Tex.R.Civ.P. 174, and demonstrates harm or prejudice resulting from the improper consolidation. *See Lone Star Ford, Inc. v. McCormick,* 838 S.W.2d 734 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

Relators cite *Dal–Briar Corp. v. Baskette,* 833 S.W.2d 612 (Tex.App.—El Paso 1992, orig. proceeding), in support of their position that mandamus will lie to correct an improper order of consolidation. In that case, the trial court consolidated three cases involving separate transactions and different plaintiffs but the same defendant. The defendant obtained a conditional writ of mandamus to vacate the consolidation order. The *Dal–Briar* court reasoned that on appeal it would be impossible to determine whether evidence relevant to only one case would be improperly considered in another case, or whether the jury would be reluctant to return a verdict for one plaintiff without finding for all three. In our case, Relators have not stated how they would be precluded from showing harm or prejudice on appeal.

██ The useless expenditure of time and financial resources in pursuing a case infected with error at the outset is not of itself a justification for extraordinary relief. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304 (Tex.1994). The issue presented in the petition may be adequately addressed on direct appeal; therefore, the extraordinary remedy of mandamus is not appropriate. We expressly decline to rule on the issue of whether the judge's action was error.

WRIT DENIED.