**In Re LEVI STRAUSS & CO., Relator.**

No. 08–97–00402–CV.

Court of Appeals of Texas,
El Paso.

Jan. 8, 1998.

Rehearing Overruled Feb. 18, 1998.

Cynthia S. Anderson, Kemp, Smith, Duncan & Hammond, P.C., El Paso, George P. Parker, Wells Pinckney & McHugh, San Antonio, for Relator.

James F. Scherr, Scherr & Legate, P.C., Lark H. Fogel, J. Roberto Oaxaca, Oaxaca, Bernal & Associates, El Paso, for Real Parties In Interest.

John L. Fashing, El Paso, for Respondent.

Before BARAJAS, C.J., and LARSEN, and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an original proceeding in mandamus. Relator, Levi Strauss & Co., seeks an order from this court requiring the trial court to sever into separate causes of action and abate the claims of 110 plaintiffs current-

ly pending in a single lawsuit. We grant relief as to severance, but deny relief as to abatement.

## PROCEDURAL HISTORY

This mandamus involves claims of 110 plaintiffs, who all allege that Levi Strauss & Co., their employer, discriminated against them for filing worker's compensation claims by subjecting them to ridicule, harassment, and degradation; forcing them to participate in a "re-entry" program, mentally and emotionally socializing them to their detriment; holding them out to the public as different from the non-worker's compensation claimant workforce; contacting their doctors to obtain medical releases under false pretenses: all while they recuperated from job-related injuries. Some of the 110 plaintiffs originally filed suit against Levi in 1994, and others joined through the filing of various amended petitions. Joint trial of five plaintiffs, selected by the trial court, began in August 1997. The jury returned a verdict favorable to the five plaintiffs on September 8 and 9, 1997.[1] While the trial was proceeding on August 29, 1997, Levi filed a motion to sever and abate in which it prayed that the trial court:

(1) Sever the first five cases from the remaining cases;

(2) enter a final judgment following the verdict in the first five cases;

(3) abate the trial of the remaining 104 [2] cases until all appeals are exhausted and judgment on the first five cases is final for all purposes; and

(4) sever each of the remaining 104 cases so that they may be tried individually....

The trial court held a hearing on September 5, 1997, and severed two individual plaintiffs into two separate causes of action, and ten plaintiffs into another case. The remaining plaintiffs, including the first five to go to trial, remained under the original cause number. Levi filed its petition for writ of mandamus asking this court to order: (1) severance of the five plaintiffs who have gone to trial so

---

1. Levi did not object to the joint trial of the first five plaintiffs.

2. Relator states that there are a total of 109 plaintiffs involved in this suit. Our count of the plaintiffs' last live pleading, however, yields 110 total plaintiffs.

that the case may proceed to appeal; (2) severance of each of the remaining 105 plaintiffs into an individual cause of action; and (3) abatement of each of the 105 remaining causes of action until appeals are exhausted in the case involving the first five plaintiffs. We address severance first, then turn to the question of abatement.

## STANDARD OF REVIEW
## ON MANDAMUS

Mandamus will lie only to correct a clear abuse of discretion.[3] Moreover, there must be no other adequate remedy at law.[4]

### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law.[5] With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court.[6] The relator must therefore establish that the trial court could reasonably have reached only one decision.[7] Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable.[8] With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law

correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ.[9]

### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate.[10] Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal."[11] Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies."[12]

## SEVERANCE

■ Levi contends that this court's decision in *Dal–Briar v. Baskette*[13] mandates severance of the remaining 105 plaintiffs into separate causes of action. In that mandamus proceeding, the trial court had consolidated the cases of three former Dal–Briar employees who all claimed they had been terminated because they filed worker's compensation claims. On the plaintiffs' motions pursuant to Texas Rule of Civil Procedure 174, the trial court consolidated the plaintiffs' cases. Rule 174 provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.[14]

3. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding).

4. *Id.*

5. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding).

6. *Walker*, 827 S.W.2d at 839–40.

7. *Id.*

8. *Id.*

9. *Id.* at 840.

10. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding).

11. *Walker*, 827 S.W.2d at 840 (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984)).

12. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989)(quoting Sales, *Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas*, Sec. 1.4[1][b] at 47 (2d Ed.1979)).

13. 833 S.W.2d 612 (Tex.App.—El Paso 1992, orig. proceeding).

14. Tex.R. Civ. P. 174(a).

After noting that the judicial economy and convenience that may be gained by consolidation must be balanced against the likelihood that consolidation may result in delay, prejudice, or jury confusion, we determined that the trial court had incorrectly applied Rule 174 when it consolidated the cases. Where the convenience factors are substantially outweighed by the risk of an unfair outcome because of prejudice or confusion, then the trial court abuses its discretion in granting consolidation.[15] Consolidation in *Dal–Briar* was improper because the three plaintiffs were not all injured by a single act of Dal–Briar, and prejudice in the form of potential jury confusion would result to Dal–Briar if the cases were tried together.[16] Although the plaintiffs in *Dal–Briar* alleged a common policy or practice of discrimination against workers who filed compensation claims, this court recognized that each act relied upon by an individual plaintiff had to be established by its own facts and circumstances. The existence of similar acts, or even proof of a policy consistent with the act sued upon, would not suffice to establish liability as to any individual.[17] Each plaintiff would have to prove, not just that a practice of discrimination existed, but that the actions toward that particular plaintiff constituted illegal discrimination.[18] Accordingly, we found that allegations of a single alleged policy or practice carried out on three different plaintiffs was not sufficient to show a truly common question of law or fact. Moreover, we decided that consolidation of the three individual plaintiff's cases into one would allow the jury to impermissibly "bootstrap" the evidence from one case into the other, thereby causing confusion and prejudice to Dal–Briar.[19] We therefore concluded that the benefits of consolidation did not outweigh the potential prejudice to Dal–Briar, and the trial court abused its discretion in granting consolidation.

### 1. Is there a clear abuse of discretion in this case?

■ Although the plaintiffs correctly point out that this case is distinguished from *Dal–Briar* because *Dal–Briar* concerned separately filed cases consolidated under Rule 174, rather than allegedly mis-joined cases filed jointly and left unsevered under Rules 40 and 41, we find the distinction is without significant difference. Rule 40, which allows permissive joinder, provides, in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.[20]

Rule 40(b) allows the trial court to "make other orders to prevent delay or prejudice." [21] Rule 40, like Rule 174, contemplates combining causes of action if the facts and legal issues are essentially identical, so long as the judicial economy and convenience outweigh potential prejudice.[22] The logic applied in the context of consolidation in *Dal–Briar* therefore is equally applicable to the trial court's refusal to sever the allegedly misjoined cases presented in this proceeding.

Levi is entitled to be tried for the specific wrongful acts alleged by each individual plaintiff.[23] Although plaintiffs' individual complaints, read in the aggregate, might imply that a common policy or practice of discrimination might exist, this does not outweigh the potential that prejudice and jury

---

**15.** *Dal–Briar*, 833 S.W.2d at 616.

**16.** *Id.* at 616–17.

**17.** *Id.* at 616.

**18.** *Id.*

**19.** *Id.* at 616.

**20.** Tex.R. Civ. P. 40(a).

**21.** Tex.R. Civ. P. 40(b).

**22.** *See e.g., Allstate Ins. Co. v. Evins*, 894 S.W.2d 847, 849 (Tex.App.—Corpus Christi 1995, orig. proceeding)(although trial court has broad discretion in determining whether or not to sever causes of action, there is no room for exercise of discretion when all facts and circumstances of the case unquestionably require a severance or separate trials to prevent manifest injustice).

**23.** *Dal–Briar*, 833 S.W.2d at 616.

confusion will result from a single trial of the remaining 105 plaintiffs, or trial of any random combination of remaining plaintiffs.[24] Nor does it establish that the alleged pattern is actually the same transaction or occurrence as it must be if the plaintiffs in this case are to be appropriately joined in one cause of action under Rule 40. As in *Dal–Briar*, each plaintiff in this case will be required to prove, not just that a practice of discrimination existed at Levi, but that actions Levi took toward each individual plaintiff constituted illegal discrimination. Accordingly, we find that the trial court abused its discretion by failing to sever into separate causes each of the claims of the 105 remaining improperly joined plaintiffs.

The plaintiffs point out that the language of Rule 40 is permissive in its use of the term *"may* join in one action as plaintiffs." The use of the term "may," they contend, gives the trial court broad discretion to permit joinder, or, as in this case, to deny severance of joined plaintiffs' causes of action. The trial court has not abused its discretion, the plaintiffs maintain, because they are appropriately joined in the trial court's discretion under Rule 40 if *"any* question of law or fact common to all of them will arise in the action."[25] In support of their contention, they point out numerous similarities in the plaintiffs' individual claims. Indeed, many of the plaintiffs have comparable claims and, as we have already established, all plaintiffs charge discrimination during their recuperation period following an on-the-job injury.

Showing that "any question of law or fact" is common to the plaintiffs, however, is only half of the conjunctively stated requirement of Rule 40. The rule allows joinder of multiple plaintiffs *"if* they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of

law or fact common to all of them will arise in the action."[26] Accordingly, the trial court, in its discretion, may allow permissive joinder, but only when both aspects of Rule 40 are satisfied. As we have already determined, the plaintiffs cannot satisfy the first element; a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences. The trial court has no discretion to permit joinder under Rule 40 where, as here, both elements are not satisfied.[27] A clear failure of the trial court to correctly analyze or apply the law will constitute an abuse of discretion with resulting reversal by extraordinary writ.[28]

*2. Does Levi have an adequate remedy by appeal?*

■ Having found a clear abuse of discretion, we must decide whether Levi has an adequate remedy from the trial court's decision. Mandamus will not issue where there is a clear and adequate remedy at law, such as a normal appeal.[29] In *Dal–Briar*, we found a loss of substantial rights which could not be cured by ordinary appellate remedies because once a consolidated trial was had:

[T]here will be no way to untangle how or whether prejudice and confusion infected the jury's deliberations. The jury will simply return a verdict upon each claim, and whether jurors reached any individual verdict because of evidence admitted as relevant to another case; or whether jurors believed that because three plaintiffs alleged the same wrongs, there must be some misdeeds by Dal–Briar based upon sheer numbers; or whether the jury simply hesitated to return a verdict for one plaintiff without finding for all three, will never be ascertainable. The chance of obtaining meaningful appellate review on the propriety of consolidation is, therefore, negligible.[30]

---

24. We are not asked to address, and do not decide, whether the trial court may hold a joint trial of cases involving the same incidents or allegations of discrimination.

25. Tex.R. Civ. P. 40(a) (emphasis added).

26. Tex.R. Civ. P. 40(a) (emphasis added).

27. *Evins*, 894 S.W.2d at 849.

28. *Walker*, 827 S.W.2d at 839–40.

29. *Id.* at 839–40.

30. *Dal–Briar*, 833 S.W.2d at 617 (footnote omitted).

The same holds true in this case in the event of the trial of all, or any combination of, the remaining 105 plaintiffs in a single trial. Sheer numbers in this case raise the potential for prejudice.

### CONCLUSION: SEVERANCE

We find that Levi has shown a clear abuse of discretion, and that it has no adequate remedy at law from the trial court's refusal to sever the remaining 105 plaintiffs' claims into separate causes of action. Accordingly, we grant Levi's request for relief to the extent it includes severance of the 105 plaintiffs into new and separate causes of action.

### ABATEMENT

■ Levi also argues that this court should order abatement of all 105 remaining causes of action pending final exhaustion of all appeals in the first trial. Levi contends that the existence of an unsettled controlling legal issue as to the claims of all 110 plaintiffs requires us to abate the remaining 105 cases so that the first five cases can serve as a "bellwether" for the viability of the remaining plaintiffs' claims. That unsettled issue is the definition of prohibited discrimination under Section 451.001 of the Texas Labor Code. Section 451.001 provides that an employer may not "discharge or in any other manner discriminate against" an employee because the employee has filed a worker's compensation claim.[31] Levi argues that the discriminatory treatment the plaintiffs have pleaded does not appear to include any adverse employment decisions by Levi such as demotion, failure to promote, loss of benefits or privileges; rather, the plaintiffs contend various forms of demeaning treatment ranging from rudeness to demands by Levi that the plaintiffs perform work beyond their medical capacity. Levi contends that there are no Texas cases finding discrimination under Section 451.001 in the absence of discharge or some form of adverse employment action by the employer. The plaintiffs have pointed us to none, and we have found none. Neither have we found cases holding that discriminatory

treatment short of an adverse employment action is *not* actionable. Accordingly, it is undecided in Texas law whether the type of discriminatory treatment as alleged by the plaintiffs in this case fits the definition of "in any other manner discriminate" found in Section 451.001.

When the law is unsettled, as in this case, mandamus is not an appropriate remedy.[32] Moreover, the trial court is presented here with plaintiffs who contend, not identical allegedly discriminatory acts visited upon each of them, but different acts varying widely in the severity of the discriminatory treatment alleged. We cannot find that the trial court was clearly wrong in concluding that the 105 remaining cases were dissimilar enough that they would not all necessarily be rendered actionable, or inactionable, under any future definition of "in any other manner discriminate."

Unable to find a clear abuse of discretion on the issue, we deny relief to the extent Levi seeks an order from this court requiring the trial court to abate the remaining 105 causes of action pending final resolution on appeal of the first five.

### CONCLUSION

Having found a clear abuse of discretion on the part of the trial court from which Levi has no adequate remedy at law in the trial court's refusal to sever the claims of the 105 plaintiffs whose cases remain untried from each other and from the five who have been tried, we grant Levi's petition for writ of mandamus to the extent it seeks relief from the failure to sever. Having found no clear abuse of discretion in the trial court's refusal to abate the remaining 105 cases pending final resolution on appeal of the first five cases tried, we deny Levi's petition for writ of mandamus to the extent it seeks relief from the failure to abate. We therefore order that respondent issue an order severing each of the remaining 105 plaintiffs' causes of action into individual cause numbers separate

---

31. TEX. LAB.CODE ANN. § 451.001 (Vernon 1996).

32. *See State v. Sims*, 871 S.W.2d 259, 263 (Tex. App.—Amarillo 1994, orig. proceeding) (noting that mandamus is not an appropriate remedy where law is unsettled).

from the five plaintiffs' causes which have already been tried. We are confident that the trial court will comply with the order of this court. The writ of mandamus will issue only if it fails to do so.