Petition for Writ of Mandamus Denied and Memorandum Opinion filed August
30, 2005









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed August 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00137-CV

____________

 

In re
WAL-MART STORES, INC., SAM=S CLUB, and SAM=S EAST, INC., Relators

______________________________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

______________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

This is an original proceeding in mandamus.  Relators, Wal-Mart Stores, Inc., Sam=s Club, and Sam=s East, Inc. (collectively, AWal-Mart@), request that mandamus issue
directing the trial court to vacate its order setting a joint trial of the
claims of Elena Lopez, Margie Daniels, and LaFrance Jones.  Because Wal-Mart has an adequate remedy by
appeal, we deny the petition for a writ of mandamus.  








Real parties in interest, Lopez, Daniels, and Jones, have
sued Wal-Mart for failing to pay them for missed unpaid rest and meal breaks
and failing to pay them for off-the-clock work. 
The employees originally attempted to bring this suit as a class action
with a proposed class of 350,000 current and former employees.  Wal-Mart Stores, Inc. v. Lopez, 93
S.W.3d 548, 552 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  The trial court certified this case as a
class action.  Id.  However, on Wal-Mart=s interlocutory appeal, we found the
trial court had abused its discretion in granting class certification, reversed
trial court=s class certification order, and
remanded the case to the trial court.  Id.
at 561.  

On remand, the employees moved for a joint trial on a
subgroup of 8 out of 108 plaintiffs. 
When Wal-Mart objected that six of the eight plaintiffs could not
establish venue in Brazoria County, i.e., those plaintiffs had not
worked for Wal-Mart in Brazoria County, the employees dropped those six,
leaving Lopez and Daniels, but adding Jones to the subgroup.  Wal-Mart objected to the employees= request for a joint trial for Lopez,
Daniels, and Jones.  

On December 6, 2004, the trial court ordered a joint trial of
the Brazoria County plaintiffsCLopez, Daniels, and JonesCand set the trial for February 22,
2005.  Wal-Mart, which did not learn of
the trial court=s order until January 3, 2005, moved for a continuance.  On January 6, 2005, the trial court granted
Wal-Mart=s motion and ordered a joint trial of
the Brazoria County plaintiffs Aas soon as possible.@ 
Wal-Mart then filed this petition for a writ of mandamus requesting that
we order the trial court to vacate its order setting the joint trial for the
Brazoria County plaintiffs.  

In their most current pleadingCan eleventh amended petition filed
December 29, 2004Cthe employees bring claims for breach of contract, quantum
meruit, unjust enrichment, and common law fraud and claims under the Fair Labor
Standards Act (the AFLSA@),[1]
seeking unpaid wages and punitive damages. 
The employees allege Wal-Mart has set unreasonably low budgetary
standards for its store, regional, and district managers to meet.  They also allege Wal-Mart has understaffed
its stores and set work requirements that are impossible for its hourly
employees to meet without being required to work off-the-clock and work during
meal and rest breaks.  








Mandamus
is an extraordinary remedy that is not issued as a matter of right, but only at
the discretion of the court.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 138 (Tex. 2004).  Mandamus relief is available when the record
shows (1) the trial court clearly abused its discretion, and (2) the relator
has no adequate remedy by appeal.  In
re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005).  With respect to the complaining party=s adequate remedy by appeal, the
Texas Supreme Court has explained:

Mandamus review of significant rulings in exceptional
cases may be essential to preserve important substantive and procedural rights
from impairment or loss, allow the appellate courts to give needed and helpful
direction to the law that would otherwise prove elusive in appeals from final
judgments, and spare private parties and the public the time and money utterly
wasted enduring eventual reversal of improperly conducted proceedings.  An appellate remedy is Aadequate@ when
any benefits to mandamus review are outweighed by the detriments. When the
benefits outweigh the detriments, appellate courts must consider whether the
appellate remedy is adequate.  

 

In re Prudential Ins. Co. of Am., 148 S.W.3d at 136.  A
determination of whether an appellate remedy is adequate depends on the
circumstances, guided by general principles rather than simple rules.  Id. at 137.  








As previously explained, the trial court carved out a
subgroup of 3 plaintiffs= claims out of 108 plaintiffs to take to trial.  The parties are not clear on whether Rule 40
or Rule 174 of the Texas Rules of Civil Procedure applies in the case.  Tex.
R. Civ. P. 40, 174.  In either
event, the purposes of Rules 40[2]
and 174[3]
are to promote trial convenience and avoid prejudice, thus, promoting the ends
of justice.[4]  As observed by the supreme court, A[b]ecause most consolidation orders
do not threaten a defendant=s substantial rights, mandamus typically does not lie from a
trial court=s consolidation order.@ 
In re Van Waters & Rogers, Inc., 145 S.W.3d 203, 211 (Tex.
2004).  However, if Aextraordinary circumstances@ exist rendering an ordinary appeal
inadequate, mandamus relief may be appropriate. 
Id.  

In support of its position that it has no adequate remedy by
appeal, Wal-Mart relies on an opinion from the El Paso Court of Appeals.  See Dal-Briar Corp. v. Baskette, 833
S.W.2d 612 (Tex. App.CEl Paso 1992, orig. proceeding).  In Dal-Briar, three former Dal-Briar
employees alleged that Dal-Briar terminated their employment as part of a
common scheme or practice to discriminate against workers who filed a workers= compensation claim.  Id. at 614.  The trial court consolidated the cases of
those three employees.  Id.  








Granting the petition for a writ of mandamus and ordering the
trial court to vacate the consolidation order, the court of appeals concluded
Dal-Briar did not have an adequate remedy by appeal because it would not be
possible Ato untangle how or whether prejudice
and confusion infected the jury=s deliberations.@  Id. at 617.  The Dal-Briar court was concerned that
on appellate review the court would not be able to determine whether the jury
returned a favorable verdict for each plaintiff based on evidence of wrongs
relevant to another plaintiff=s case, whether the jury believed there must be misdeeds on
the part of the defendant based merely on sheer numbers, or whether the jury
was hesitant to return a favorable verdict for one plaintiff without finding in
favor of all plaintiffs.  Id.  

Wal-Mart makes an identical argument.  It contends that while each plaintiff, who
worked in a different position with a different supervisor, will be required to
establish their individual breach of contract, quantum meruit, and fraud
claims, the jury, nonetheless, may return a verdict for one plaintiff based
upon evidence introduced in support of another plaintiff=s case.  Thus, according to Wal-Mart, an appellate
court will not be able to unravel the tangle of jury confusion likely to result
from a consolidated trial.  

This case does not present Aextraordinary circumstances@ warranting mandamus relief. There
are only three plaintiffs at issue in the trial court=s consolidation order.  The issues involved in this case are not
complex.  The amount of the damages, i.e.,
unpaid wages, should not be difficult to calculate.  We do not believe that a joint trial would
result in such a high level of prejudice or confusion that an appellate court
would have much difficulty sorting through the evidence attributable to each
plaintiff on appeal.  








Wal-Mart will obtain a reversal of an adverse judgment if it
establishes that both the trial court abused its discretion[5]
in consolidating the three Brazoria cases because common issues of law or fact
are lacking and that such improper consolidation resulted in harm or
prejudice.  See Hayes v. Floyd,
881 S.W.2d 617, 619 (Tex. App.CBeaumont 1994, orig. proceeding) (citing Lone Star Ford,
Inc. v. McCormick, 838 S.W.2d 734, 737B38 (Tex. App.CHouston [1st Dist.] 1992, writ
denied)).  

Because Wal-Mart has an adequate remedy by appeal, it has not
established that it is entitled to mandamus relief.  Accordingly, we deny Wal-Mart=s petition for a writ of
mandamus.  

 

/s/        J. Harvey Hudson

Justice

 

Petition Denied
and Memorandum Opinion filed August 30, 2005.

Panel consists of
Justices Yates, Anderson, and Hudson.

 

 











[1]  29 U.S.C. '' 206, 207 & 216(b) (1998 & Supp. 2005).  





[2]  Rule 40
provides:

(a)
Permissive Joinder.  All persons may join in one action as
plaintiffs if they assert any right to relief jointly, severally, or in the
alternative in respect of or arising out of the same transaction, occurrence,
or series of transactions or occurrences and if any question of law or fact
common to all of them will arise in the action. . . . 

(b)
Separate Trials.  The court may make such orders as will
prevent a party from being embarrassed, delayed, or put to the expense by the
inclusion of a party against whom he asserts no claim and who asserts no claim
against him, and may order separate trials or make other orders to prevent
delay or prejudice.

Tex. R. Civ.
P. 40.





[3]  Rule 174
provides:

(a)
Consolidation.  When actions involving a common question of
law or fact are pending before the court, it may order a joint hearing or trial
of any or all the matters in issue in the actions; it may order all the actions
consolidated; and it may make such orders concerning proceedings therein as may
tend to avoid unnecessary costs or delay.

(b)
Separate Trials.  The court in furtherance of convenience or to
avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim,
or third-party claim, or number of claims, cross-claims, counterclaims,
third-party claims, or issues.  

Tex. R. Civ.
P. 174.





[4]  See United
Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) (discussing federal
counterparts to Texas Rules 40 and 174); Womack v. Berry, 156 Tex. 44,
291 S.W.2d 677, 683 (1956) (discussing Rule 174); Michael A. Simpson and
Derrick S. Boyd, 21st Century Venue: 
A Venue Rule for Texas Courts in the New Age of Complex Litigation,
46 Baylor L. Rev. 683, 704 (1994)
(discussing Rule 40).  





[5]  It is within
the trial court=s sound discretion to order either a consolidated or
separate trial.  Womack, 291
S.W.2d at 683 (Rule 174); Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d
588, 591 (1955) (Rule 40).