Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IN RE: JOHNNIE LEE CARTER,                   )                  No. 08-05-00349-CV
)
                                                Relator.                )                 AN ORIGINAL PROCEEDING
)
)IN MANDAMUS
)


OPINION ON PETITION FOR WRIT OF MANDAMUS


            Relator Johnnie Lee Carter asks this Court to issue a writ of mandamus against the Honorable
Luis Aguilar, Judge of the 120th District Court of El Paso County, ordering him to vacate or rescind
his orders granting consolidation of causes 2005-3446, 2005-3445, and 2005-3431. Mandamus will
lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)
(orig. proceeding). Moreover, there must be no other adequate remedy at law. Id.
            According to his petition, Relator brought suit against Sun City Towing & Recovery, L.P.
(“Sun City Towing”) for conversion of his truck. Relator alleges that Sun City Towing ordered
Stevens Transport, Inc. to pick up the truck. Relator brought suit against Stevens Transport, Inc. for
conversion. Relator also brought suit against Alliance Leasing, Inc. for breach of contract. The trial
court consolidated the causes.
            Under Rule 174 of the Texas Rules of Civil Procedure:
 

When actions involving a common question of law or fact are pending before the
court, it may order a joint hearing or trial of any or all the matters in issue in the
actions; it may order all the actions consolidated; and it may make such orders
concerning proceedings therein as may tend to avoid unnecessary costs or delay. 

Tex.R.Civ.P. 174(a).

            It is within the trial court’s sound discretion to order either a consolidated or separate trial. 
Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 683 (1956). Because most consolidation orders do
not threaten a defendant’s substantial rights, mandamus typically does not lie from a trial court’s
consolidation order. In re Van Waters & Rogers, Inc., 145 S.W.3d 203, 211 (Tex. 2004). However,
if “extraordinary circumstances” exist rendering an ordinary appeal inadequate, mandamus relief
may be appropriate. Id.
            Relator asserts that such circumstances exist because as an indigent plaintiff proceeding pro
se he faces substantial expenses in having to serve all three defendants with written discovery,
particularly when two are represented by the same attorney but require separate service. Relator
claims that if he fails to serve all defendants, he will face sanctions. Relator also asserts that
consolidation will limit his ability to uncover additional causes of action and to amend the individual
petitions without adding complexity and within different discovery schedules, which would increase
his chances of prevailing in each case. Further, Relator states that the case against Alliance Leasing,
Inc. is not related to the cases against Sun City Towing and Stevens Transport Inc.
            This case does not present “extraordinary circumstances” warranting mandamus relief. The
trial court’s consolidation order involves only three defendants and the issues involved have not been
shown to be complex. Moreover, we do not believe that a joint trial will create any difficulties in
reviewing the evidence upon appellate review. Cf. Dal-Briar Corp. v. Baskette, 833 S.W.2d 612
(Tex.App.--El Paso 1992, orig. proceeding). Because Relator has an adequate remedy by appeal, he
has not established that he is entitled to mandamus relief.
            Accordingly, we deny mandamus relief. See Tex.R.App.P. 52.8(a).


December 22, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.