**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00327-CV**

_____


**IN RE C.R. ENGLAND, INC.**


_____

**Original Proceeding**
_____

**OPINION**

In this mandamus proceeding, we address whether, under the local rules adopted by Jefferson County, civil cases filed in other district courts after a temporary injunction suit was filed to preserve evidence in the 172nd District Court should have been consolidated by the judge of the 60th District Court into that court. We conclude that under the local rules of Jefferson County, the earliest filed case was the temporary injunction suit, which was filed in the 172nd District Court; we further conclude that the local rules required subsequently filed cases, if consolidated, to be consolidated into the 172nd District Court. Accordingly, by consolidating Causes B-194,401 and E-194,251 into the 60th District Court, the

1

60th District Court failed to comply with the local rules governing the consolidation of suits involving common questions of fact and law. We conditionally grant mandamus relief and direct the 60th District Court to vacate its order of June 6, 2013.

Background

After the occupants of one of the cars involved in a 2012 Thanksgiving Day collision on Interstate 10 suffered fatal injuries, Vincent Leggio Jr., individually and as representative of the estates of Vincent Leggio Sr. and Debra Leggio, filed a temporary injunction to preserve evidence from the collision against several entities, including C.R. England, Inc. and its employee, Richardo Fernando Kerr. In his application seeking injunctive relief, Leggio asked the trial court to prohibit the responding parties from disposing of several of the vehicles involved in the Thanksgiving Day collision. The district clerk assigned the temporary injunction suit (*Leggio I*) to the 172nd District Court as Cause Number E-193,633.

On November 29, 2012, Vincent Leggio Jr., individually and as representative of the Leggios' estate, Richard Leggio, and Amanda Machowicz, filed a wrongful death suit against several defendants, including C.R. England, Inc. and its employee, Richardo Fernando Kerr (*Leggio II*), seeking to recover damages resulting from the Thanksgiving Day collision. The district clerk assigned this suit

2

to the 60th District Court, assigning it as Cause Number B-193,657. On December 12, 2012, Leggio filed a motion asking to nonsuit *Leggio I*. On a date not apparent from the record before us, the 172nd District Court granted Leggio's request and rendered an order of nonsuit. Additionally, after Leggio asked the trial court to dismiss *Leggio I*, C.R. England and Kerr removed *Leggio II* to federal court, where it was assigned Cause Number 1:13-CV-38.

On February 5, 2013, the Leggios moved to remand *Leggio II* to state court, asserting that some of the properly joined defendants in *Leggio II* were Texas residents. Finding that the case was properly removed and remand was not warranted, the federal district court denied the motion to remand.

In a separate suit, three others, Damon Francois, Terrance Bell, and Devin Cash, passengers who were travelling in a car driven by Tamika Francois, sued Vincent Leggio Jr., as representative of the Estate of Vincent Leggio Sr., Richardo Fernando Kerr, and C.R. England, Inc. (*Francois*) seeking to recover for their injuries. The district clerk assigned the *Francois* case Cause Number E-194,251, and assigned it to the 172nd District Court.

On April 25, 2013, the Leggios filed a motion in federal court seeking to nonsuit *Leggio II* without prejudice. Finding that no dispositive motions had been filed and no rulings had been made that might affect the choice of law or impair

the defendants' ability to present a viable defense, the federal district court granted the motion on May 15, 2013. Approximately two weeks later, the Leggios filed a wrongful death suit against several defendants, including C.R. England (*Leggio III*). The district clerk assigned the Leggios' new wrongful death case Cause Number B-194,401, and assigned it to the 60th District Court.

In June 2013, the Leggios filed motions in the cases that were pending in the 60th (*Leggio III*) and 172nd (*Francois*), requesting that the trial courts consolidate or transfer the two suits to the 60th District Court. C.R. England moved to abate the Leggios' motion to consolidate, and filed its own motion, requesting the judge of the 172nd District Court to consolidate *Francois* and *Leggio III* into *Francois* in the 172nd District Court. On June 6, 2013, the elected judge of 60th District Court, sitting as the 60th District Court,[1] rendered an order consolidating *Leggio III* and *Francois* into the 60th District Court.

Standards and Guidelines

Rule 174 of the Texas Rules of Civil Procedure and Local Civil Rule 6 govern the consolidation of civil cases filed in district courts in Jefferson County.

---

[1] The Judge of the 60th District Court also serves as the local administrative judge. We address the Leggios' argument that the judge of the 60th District Court could have transferred the case to the 60th District court in his capacity as the local administrative judge separately.

4

*See* Tex. R. Civ. P. 174(a); Jefferson (Tex.) Civ. Dist. Ct. Loc. R. 6(B), (D). Rule 174(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Tex. R. Civ. P. 174(a). Local Rule 6(B) of the Jefferson County local rules provides:

> All consolidations of cases shall be into the earliest-filed case, and shall remain pending on the docket of the court in which that case was originally filed. Any and all motions for consolidation shall be heard and decided only by the presiding judge of the court in which the earliest-filed case was filed.

Jefferson (Tex.) Civ. Dist. Ct. Loc. R. 6(B). Local Rule 6(D) also addresses what the district clerk is required to do if a party non-suits a case and then refiles it: "If a case is non-suited, then refiled, it <u>must</u> be reassigned to the same Court. The clerk is to take all steps to effectuate this rule, and any party may move to enforce the same." *Id.*, Civ. Dist. Ct. Loc. R. 6(D).

Rules involving similar parties and multiple filings are intended to provide a clear rule that avoids quarrels over which court's rulings should be given priority. "The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *Curtis*

5

*v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). Generally, if a party calls the pendency of the prior suit to the trial court's attention, the trial court must either abate or dismiss the case. *Id*. If the court presiding over the second-filed case attempts to interfere with the first-filed case, mandamus relief is appropriate "to settle the conflict of jurisdictions." *Id.*, *see also In re SWEPI, L.P.*, 85 S.W.3d 800, 809 (Tex. 2002).

Earliest Filing

The parties dispute which of the various cases should be considered to have been filed first. The Leggios argue that *Leggio I* should not be considered as the first filed case because the temporary injunction suit and the wrongful death suit lack a complete identity of parties. Relators argue that *Leggio I* was the first filed case.

Although *Leggio I* was nonsuited, it involves some of the plaintiffs in the subsequently filed cases as well as some of the defendants, and it is the first case filed in Jefferson County that involved the Thanksgiving Day collision, a subject matter that is common to all of the suits at issue. Local Civil Rule 6 is designed to prevent forum-shopping by requiring the district clerk to reassign a case that is nonsuited to the court where the district clerk assigned the plaintiff's original filing. *See* Jefferson (Tex.) Civ. Dist. Loc. R. 6(D). The rule is ministerial and does

6

not require a finding that forum-shopping has in fact occurred. *See id.* Under Local Civil Rule 6(D), a case that is non-suited "<u>must</u> be reassigned to the same Court." *Id.*

The Leggios argue that as an ancillary proceeding for a temporary restraining order, *Leggio I* cannot be a "case [that] is non-suited, then refiled" for purposes of Local Civil Rule 6(D). However, the Texas Rules of Civil Procedure allow a plaintiff to join "as many claims either legal or equitable or both as he may have against an opposing party." Tex. R. Civ. P. 51(a). Thus, the plaintiffs in *Leggio I* could have included a claim for damages along with their claim for injunctive relief.

Given its purpose to prevent forum shopping, we are not persuaded that the term "case," used in Local Rule 6, should be given a construction that is at odds with Rule 51. In common legal usage, a "case" is "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity[.]" Black's Law Dictionary 243 (9th ed. 2009). A "proceeding" is

> 1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. 2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing.

*Id.* at 1324. "Action" includes "[a] civil or criminal judicial proceeding." *Id.* at 32.

7

"Suit" means "[a]ny proceeding by a party or parties against another in a court of law; case." *Id.* at 1572. An "ancillary suit" is "[a]n action, either at law or in equity, that grows out of and is auxiliary to another suit and is filed to aid the primary suit, to enforce a prior judgment, or to impeach a prior decree." *Id.* A "controversy" is "[a] justiciable dispute." *Id.* at 379. A "new cause of action," as part of the definition of "cause of action", is "[a] claim not arising out of or relating to the conduct, occurrence, or transaction contained in the original pleading." *Id.* at 251. It is apparent that the common legal usage for the word "case" does not exclude ancillary proceedings which seek temporary injunctive relief.

Additionally, construing Local Rule 6 to define the term "case" to exclude injunctive proceedings is inconsistent with the rule's purpose to prevent forum shopping. In our view, a local rule that exists to prevent forum-shopping would not function as intended if it allows attorneys to engage in forum shopping by splintering actions based on the character of relief requested.

*Leggio I* asserted legal rights against Relators in a proceeding directly and exclusively related to the Thanksgiving Day collision that claimed the lives of Vincent and Debra Leggio. With respect to the various cases, we conclude *Leggio I* is the earliest-filed case that concerns the Thanksgiving Day collision at issue. We also conclude that the 60th District Court was not authorized under Local Rule

8

6(B) and 6(D) to decide whether the matters at issue were to be consolidated. *See* Jefferson (Tex.) Civ. Dist. Ct. Loc. R. 6(B), (D). We hold that Relators have shown that an abuse of discretion occurred.

Remedy

According to the Leggios, even if the trial court erred by consolidating the matters for trial, Relators have an adequate remedy by appeal making mandamus relief inappropriate. Generally, a trial court has discretion to consolidate cases concerning "common question of law or fact" when those cases "are pending before the court." Tex. R. Civ. P. 174; *see In re Gauci*, No. 14-12-00707-CV, 2012 WL 3629064, at *2 (Tex. App.—Houston [14th Dist.] Aug. 23, 2012, orig. proceeding) (mem. op.) (consolidation followed uncontested administrative transfer). Appeal can be an adequate remedy where the judge of the earliest-filed case orders the transfer or consolidation with another case filed in another court. *See In re Guideone Lloyds Ins. Co.*, No. 09-08-472-CV, 2008 WL 4821569, at *1 (Tex. App.—Beaumont Nov. 5, 2008, orig. proceeding, [mand. denied]) (mem. op.); *Hayes v. Floyd*, 881 S.W.2d 617, 619 (Tex. App.—Beaumont 1994, orig. proceeding). Mandamus relief is appropriate, however, when a trial court acts without authority and interferes with a matter on another court's docket in the face

9

of a rule designed to prevent one court from interfering with cases on another court's docket. *See Curtis*, 511 S.W.2d at 267.

Additionally, a decision to delay resolving the parties' dispute pending an appeal would allow a party to circumvent the clear mandate of the local rules with respect to which court has priority to make decisions about consolidating cases. Although we recognize that the 172nd District Court could use the rules to accomplish a proper consolidation of cases and that it could then transfer the cases to the 60th District Court, Relators have demonstrated that the local rules governing consolidation were not followed in obtaining the order of consolidation at issue.

We may consider an appellate remedy inadequate when, by remedying the trial court's error at an early stage, the parties avoid the potential expenses presented by the prospect of multiple trials to resolve whether a case is in the proper forum. In weighing whether an appellate remedy is adequate, the Texas Supreme Court has explained:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by

the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). A decision at this stage of the dispute could well avoid the need for another trial.

The Leggios argue that the judge of the 60th District Court could have acted in his capacity as local administrative judge to administratively transfer *Francois* to the 60th District Court. *See* Tex. Gov't Code Ann. § 74.094(b) (West 2013) ("The judges shall try any case and hear any proceeding as assigned by the local administrative judge."). However, there is no evidence that the local administrative judge executed the order at issue while acting in that capacity. The record also does not support the Leggios' argument that the 60th District Court acted as a visiting judge in the 172nd when rendering the order at issue. *See* Tex. Gov't Code Ann. § 74.094(a) (a judge may hear a matter pending in another district court in the county). And, the local administrative judge has a duty to "implement and execute the local rules of administration, including the assignment, docketing, transfer, and hearing of cases[.]" Tex. Gov't Code Ann. § 74.092(a)(1) (West 2013). Because the record does not support the Leggios' arguments asserting the 60th District Court acted in a capacity different than his capacity as the elected judge of the 60th

11

District Court, we need not address the Leggios' claim that the cases could have been consolidated had a different procedure been followed.

We hold that the trial court abused its discretion in granting the motion to consolidate or transfer where the earlier-filed case was pending in another district court. We lift our stay order and conditionally grant mandamus relief directing the trial court to vacate its order consolidating Cause Number E-194,251 into Cause Number B-194,401. We are confident the trial court will act promptly in accord with this opinion. The writ of mandamus will issue only if the trial court fails to act within a reasonable time.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on July 31, 2013
Opinion Delivered September 5, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.