**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00532-CV**

_____

**IN RE C.R. ENGLAND, INC. AND RICHARDO FERNANDO KERR**

**Original Proceeding**

**MEMORANDUM OPINION**

On November 25, 2013, C.R. England, Inc. and Richardo Fernando Kerr petitioned for mandamus and temporary relief from a December 9, 2013 trial setting. Relators are defendants in a wrongful death suit that was removed to federal court, dismissed and re-filed in state court, then consolidated with another personal injury suit arising out of the same motor vehicle accident. *See generally In re C.R. England, Inc.*, No. 09-13-00327-CV, 2013 WL 4758224 (Tex. App.—Beaumont Sept. 5, 2013, orig. proceeding). On September 11, 2013, the trial court signed a docket control order that ordered new parties to be joined by September 27, 2013, ordered that discovery be concluded by November 8, 2013, and set the

1

case for trial on December 9, 2013. Relators contend the trial court abused its discretion by ordering discovery to be completed within sixty days following the consolidation and by denying the Relator's motion for a continuance of a trial setting that is within ninety days of the consolidation. Relators also contend the trial court abused its discretion by refusing to continue the trial to allow time for further discovery and to allow Relators to join two surviving parents as necessary parties to the suit.

Generally, denial of a motion for continuance is an incidental trial ruling ordinarily not reviewable by mandamus. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007); *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997). The discovery process was delayed in this case, but Relators have not shown special circumstances that justify mandamus relief on an incidental ruling.

A person shall be joined as a party if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest. *See* Tex. R. Civ. P. 39(a). The surviving parents are wrongful death beneficiaries. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (West 2008). Relators contend joinder of the surviving parents is mandatory under Rule 39. *See* Tex. R. Civ. P. 39. Relators argue they will be

prejudiced if the surviving parents are not joined as involuntary plaintiffs for purposes of apportioning damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.010(b) (West 2008).

During the hearing on Relators' motion, counsel for the real parties in interest suggested that the surviving parents were not interested in joining the suit and that he could obtain written disclaimers before the trial. The trial court denied the motion for a continuance and instructed counsel to obtain the disclaimers. It appears the trial court ruled only on the request for a continuance of the trial, and the trial court has not finally determined whether an abatement or some other action will be required to protect the parties' rights if disclaimers of interest are not obtained prior to trial. *See* Tex. R. Civ. P. 39. Under these circumstances, Relators have not established an abuse of discretion for which an appeal will not be an adequate remedy. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). We overrule Relators' issues and deny mandamus and temporary relief without prejudice.

PETITION DENIED.

PER CURIAM

Submitted on December 4, 2013
Opinion Delivered December 6, 2013

Before McKeithen, C.J., Kreger and Johnson, JJ.

3